**CONTINENTAL GRAIN COMPANY, Plaintiff-Appellee,**

v.

**Clem MARTIN and Clem Martin, Individually and d/b/a Martin Brothers & Son, Defendants-Appellants.**

**No. 75–1324.**

United States Court of Appeals, Fifth Circuit.

Aug. 4, 1976.

Rehearing Denied Sept. 15, 1976.

Leland B. Kee, Angleton, Tex., for defendants-appellants.

Hubert Oxford, III, Beaumont, Tex., for plaintiff-appellee.

Before BROWN, Chief Judge, JONES and GOLDBERG, Circuit Judges.

JONES, Circuit Judge:

This is a diversity action arising in Texas and governed by the laws of Texas. Continental Grain Company negotiated with the Martins, a partnership, for the purchase of 10,000 bushels of soybeans at a price of $3.33 per bushel. Subsequently the Martins

---

informed Continental that delivery would not be made. The market price for soybeans had risen to $5.13½ per bushel. Continental sued for breach of contract. The district court, without a jury, rendered judgment for Continental. The Martins have appealed.

■ Although other questions are raised by the Martins, their principal contentions are twofold. It is urged, first, that there was no contract between the parties, and second, that recovery is precluded by the Statute of Frauds provision of the Texas Uniform Commercial Code. The question as to whether there was a meeting of the minds between the parties to this litigation is basically a fact issue. The issue was resolved by the district court and its finding that there was an agreement is amply supported by the evidence.

The negotiations were conducted by telephone, and the oral agreement was at first for 10,000 bushels at $3.30 per bushel for October-November, 1972, delivery. Continental sent a written contract form to the Martins. A subsequent telephone call changed the price to $3.33 per bushel and the delivery date to the following December-January. Continental sent the Martins a written form of agreement to effect the change. Neither of the agreements was signed by the Martins. A telephoned agreement extending the delivery date was followed by a written confirmation from Continental to the Martins. Early in February Continental received a letter from an attorney for the Martins which repudiated the agreement. Continental sued. The district court found, among other things, that the Martins were merchants. It rendered judgment against them for $18,050, the difference between the contract price and the market price on the last agreed delivery date.

That part of the Statute of Frauds provision of the Texas Uniform Commercial Code which is pertinent here is in these terms:

"(a) Except as otherwise provided in this section a contract for the sale of goods for the price of $500 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker. A writing is not insufficient because it omits or incorrectly states a term agreed upon but the contract is not enforceable under this paragraph beyond the quantity of goods shown in such writing.

(b) Between merchants if within a reasonable time a writing in confirmation of the contract and sufficient against the sender is received and the party receiving it has reason to know its contents, it satisfies the requirements of Subsection (a) against such party unless written notice of objection to its contents is given within ten days after it is received." Vernon's Texas Code Annotated, Business and Commerce, Section 2.201 (1967).

■ The crucial question on this appeal is whether, as the district court found, the Martins were merchants within the meaning of the statute at the time they agreed with Continental. If they were not, they win; if they were, they lose. The jurisdiction being based on diversity, the Erie doctrine requires that the law of the state fixes the rule of decision.

■ We find no Texas statute or decision of the Supreme Court of Texas which furnishes the guide to the question. Absent such a guide we follow the rule announced and applied by an intermediate appellate court of the state. Wright, Federal Courts 2d 236 § 58. The Court of Civil Appeals for the Second Supreme Judicial District of Texas in the case of *Nelson v. Union Equity Co-operative Exchange,* 536 S.W.2d 635, Decided April 28, 1976, announced the rule which is decisive of the principle question presented here. The Texas Court said:

"Every good reason exists for holding that the fact finder should be entitled to determine the question. In most instances where an ignorant, innocent, and inex-

perienced farmer fails to consummate a contract of the kind under consideration he will probably be protected by the finding made. In most instances where a knowledgeable and experienced trader who happens to be a farmer fails to consummate such a contract in order to take advantage of the purchaser, to the resultant loss by the latter in good faith reliance upon the commitment, the purchaser will probably be protected by the fact finder.

Only in the exceptional case would circumstances remove the responsibility for factual determination from the fact finder and require the holding that the farmer was not a merchant as applied to the transaction which is subject of a suit by a purchaser who believes himself protected by the law upon mailing the written confirmation of sale and purchase agreement. That before us on appeal is not such a case. Here the responsibility was devolved upon the fact finder. The evidence was sufficient to support the fact finding against Nelson in this case and therefore the judgment must be sustained."

The evidence in the case before us, as in the cited case, was sufficient to support the determination that the Martins were merchants and not permitted to shield themselves from liability by the Statute of Frauds.

The other questions raised need not be discussed. They are without merit.

The judgment of the district court is AFFIRMED.