**TEXAS CATASTROPHE PROPERTY INSURANCE ASSOCIATION, Appellant,**

v.

**Hugh M. MILLER, Appellee.**

**No. B2603.**

Court of Civil Appeals of Texas, Houston (14th Dist.)

May 6, 1981.

Glen Wilkerson, David C. Duggins, Clark, Thomas, Winters & Shapiro, Austin, for appellant.

Hugh M. Miller, Bellaire, Barbara Radnofsky; Vinson & Elkins, Arthur M. Glover, Jr., and Robinson, Hicks, Hirsch, Glover & Robinson, Houston, for appellee.

Before COULSON, MILLER and MURPHY, JJ.

COULSON, Justice.

This is a case of first impression involving the interpretation of the Catastrophe Property Insurance Pool Act. Tex.Ins.Code Ann. art. 21.49 (Vernon Supp.1980–1981). Appellant, Texas Catastrophe Property Insurance Association (often referred to as the Cat Pool), appeals from a judgment overruling its plea of privilege to be sued in Travis County, Texas. Appellee, Hugh M. Miller, had sued appellant in Harris County, Texas. We reverse and remand the case to the trial court with instructions to dismiss for want of jurisdiction.

Appellee owns a condominium unit in Galveston, Texas, which was damaged in July of 1979 during tropical storm Claudette. Appellee sued Texas Catastrophe Property Insurance Association under its windstorm and hail policy, together with Commercial Union Assurance Companies, and Hartford Casualty Insurance Company, in Harris County, Texas. Appellee alleged that he was insured under four policies of these companies for property damage insurance, that the companies had denied liability, and that certain representations of the companies through licensed insurance agents were deceptive trade practices subjecting the companies to treble damages and attorney's fees. The Commercial Union Assurance Company and the Hartford Casualty Insurance Company each filed an answer in the case and are not involved in this appeal.

The Texas Catastrophe Property Insurance Association filed a plea of privilege to be sued in Travis County, Texas. Appellee controverted appellant's plea of privilege, asserting that venue was proper in Harris County under subdivisions 4, 23, and 29a of Art. 1995 and Art. 17.56A of the Texas Deceptive Trade Practices-Consumer Protection Act. The trial court overruled appellant's plea of privilege, finding that appellee did not prove the necessary venue facts under subdivisions 4, 23 or 29a of Art. 1995, but that appellee had established venue in Harris County under Art. 17.56 of the Deceptive Trade Practices-Consumer Protection Act.

Appellant presents for our determination three points of error. Appellant's first point of error is that the trial court erred in overruling its plea of privilege since the court had no jurisdiction as a result of appellee's failure to pursue or exhaust his administrative remedy. The Texas Catastrophe Property Insurance Association was created by the legislature in 1971 and is codified in Art. 21.49 of the Texas Insurance Code. Tex.Ins.Code Ann. art. 21.49 (Vernon Supp.1980–1981). The purpose of the Act is "to provide a method whereby adequate windstorm, hail and fire insurance may be obtained in certain designated portions of the State of Texas." *Id.* § 1. To provide such insurance, the legislature created the Association of all property insurers authorized to transact property insurance in Texas, directing that each such insurer shall be a member of the Association as a condi-

tion of its authority to transact the business of insurance in Texas. *Id.* § 4. The Act provides that after its effective date, the temporary board of directors of the Association, shall submit to the State Board of Insurance for approval a proposed plan of operation. The Act makes it clear that the State Board of Insurance shall control the Association by providing that the Board may issue any necessary orders to carry out the purposes of the Act. Section 6 of the Act provides that any person having an insurable interest in the insurable property located in an area designated by the Board shall be entitled to apply to the Association for insurance. The application shall be made on behalf of the applicant by a Local Recording Agent and on forms prescribed by the Association. If the Association determines the property is insurable, the Association shall cause to be issued a policy of insurance.

Appellant argues that section 9 of the Act is determinative of this appeal. It is there provided that any person insured under the Act who may be aggrieved by an act, ruling, or decision of the Association, may within 30 days of the ruling, appeal to the Board (State Board of Insurance). The Board shall hear the appeal from the ruling or decision of the Association within 30 days after receipt of such request or appeal. Within 30 days after hearing, the Board shall affirm, reverse, or modify the decision appealed to the Board. The Association, or the person aggrieved by a decision of the Board may thereafter appeal to the District Court of Travis County, Texas, *and not elsewhere.* Appellant argues that the Act provides a means of review before an administrative body and the review must be pursued to its conclusion before suit may be brought on the policy.

Appellee argues that the policy provides the required steps before suit may be filed. The policy states that the insured shall give the Association a signed and sworn to proof of loss within ninety-one days after any loss occurs. It also provides that the amount of loss for which the Association may be liable shall be payable sixty days after proof of loss is received by the Association and as-

certainment of the loss is made by agreement between the insured and the Association expressed in writing or by the filing of an award. In this case the Association refused appellee's claim. He argues that the following policy provision therefore applies:

No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within two years and one day after cause of action accrues.

We agree with appellant's interpretation of the statute. The doctrine of exhaustion of administrative remedies has been described as "the long-settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Texas Air Control Board v. Travis County,* 502 S.W.2d 213 (Tex.Civ.App.—Austin 1973, no writ). When a statute makes an agency order subject to appeal to higher administrative authority, administrative remedies are not exhausted until the higher authority has acted on that order. *Id.* The statute in question here, specifically provides in section 9 for review before the State Board of Insurance when the insured is aggrieved by a decision of the Association. Appellee did not follow this procedure, but brought suit in Harris County after his claim was denied. Thus he did not exhaust his administrative remedies. Furthermore, section 9 provides that if a person is aggrieved by a decision of the Board, he may appeal to the District Court of Travis County *and not elsewhere.* This statutory provision for place of trial is jurisdictional. Appellee's suit could only have been brought in Travis County. Appellee argues that appellant should have objected at the trial court level that the statutory procedure had not been followed. A similar statute at issue in another case provided that one who was dissatisfied with a ruling of the Railroad Commission shall have the right to file a suit in Travis County, *and not elsewhere. Gambill v. Town of Ponder,* 494 S.W.2d 808 (Tex.1973). The

Texas Supreme Court held the location of suit was jurisdictional. *Id.* Thus appellant's failure here to raise want of jurisdiction at the trial court level is insignificant. Want of jurisdiction of the subject matter of a suit will arrest a cause at any stage of the proceedings. *Southwestern Bell Tel. Co. v. City of Kountze,* 543 S.W.2d 871 (Tex.Civ.App.—Beaumont 1976, no writ).

■ Exceptions to the exhaustion of remedies or primary jurisdiction doctrines have been carved out by the courts. If the questions presented in the lawsuit are primarily judicial in nature or if the administrative agency is powerless to grant the relief sought, the courts and not the agency would have original jurisdiction. *Foree v. Crown Central Petroleum Corp.,* 431 S.W.2d 312 (Tex.1968). We find that neither exception applies here. Appellee's original claim to the Association was for payment of money for damages to his condominium. This is not a judicial question and the Association and the Board have the power to grant such an award. After the claim was denied, appellee sued the insurance companies and the Cat Pool for damages under the deceptive trade statute. He stated in his petition that the representations of agents of the companies were that insurance would be afforded by the policy for this type of loss. We find that the Cat Pool can not be liable under the deceptive trade statute for representations of the Local Recording Agent who originally took the application for insurance. The Cat Pool is an Association consisting of all property insurers authorized to transact business in Texas. The Cat Pool does not have its own agents. Furthermore, mere denial of liability under an insurance policy would not subject the Cat Pool to liability for deceptive trade.

■ It is apparent from Art. 21.49 § 9 of the Insurance Code, that the legislature, in creating the Cat Pool, intended that only Travis County district courts have jurisdiction of suits against the Cat Pool. In the insurance policy issued by the Association and approved by the Board, it is provided that no suit shall be sustainable in any court of law or equity unless all the policy requirements have been met and unless commenced within two years and one day next after cause of action accrues. Appellee relies on this provision for the proposition that he need not appeal a decision of the Association to the Board and that he may sue in any court of competent jurisdiction. We can not agree with this interpretation. It would be advisable, however, for the policy to contain a provision that one aggrieved by an Association decision may appeal to the Board within 30 days after the decision and that one aggrieved by a Board decision may appeal thereafter only to a district court of Travis County. This would more clearly outline the administrative procedure that is to be followed although the provision as it now stands does not contradict that procedure. The procedure for appeal detailed by the Act is mandatory and jurisdictional and cannot be waived by a general provision in the insurance policy. The right to appeal from an administrative order to the courts is not a natural right but one that may be granted or withheld at the discretion of the legislature. *Stanfield v. Texas Department of Public Safety,* 422 S.W.2d 14 (Tex.Civ.App.—Dallas 1967, writ ref'd n.r.e.). Such right does not exist unless specifically granted by statute. *Id.* When the legislature prescribes a method for judicial review of administrative action, the method must be followed to confer jurisdiction on the court. *Id.*

Since we sustain appellant's first point of error, we find it unnecessary to review the other points of error presented to us. Having found that the trial court was without jurisdiction to entertain the lawsuit or the plea of privilege as to the Texas Catastrophe Property Insurance Association, we reverse the judgment of the court below and remand the case to the trial court with instructions to dismiss for want of jurisdiction as to the Association.