548

BIRMINGHAM FIRE INSURANCE COMPANY OF PENNSYLVANIA, Plaintiff-Appellee,

v.

WINEGARDNER AND HAMMONS, INC., Tex-Ken, Inc., John Q. Hammons, et al., Defendant-Counter Plaintiffs-Appellants,

v.

TEXAS CATASTROPHE PROPERTY INSURANCE, Counter Defendant-Appellee.

No. 83-2093
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Sept. 15, 1983.

Kleberg, Dyer, Redford & Weil, J. Michael Mahaffey, Daniel D. Pipitone, Corpus Christi, Tex., for defendant-counter plaintiffs-appellants.

Thompson, Coe, Cousins & Irons, Craig Alan Eggleston, Dallas, Tex., for Birmingham Fire.

Clark, Thomas, Winters & Shapiro, David C. Duggins, Austin, Tex., for Tex. Catastrophe.

Before BROWN, REAVLEY and JOLLY, Circuit Judges.

JOHN R. BROWN, Circuit Judge:

Hurricane Allen struck Corpus Christi, Texas, on 9 August 1980. It did over two million dollars worth of damage to the Holiday Inn-Emerald Beach Hotel, a hotel owned by the appellants in this action.[1] The hotel is covered by two different insurance policies, both of which were in force when the hurricane struck. One policy was issued by the Birmingham Fire Insurance Company of Pennsylvania (BFI), a Pennsylvania corporation; the other was issued by Texas Catastrophe Property Insurance Association (TexCat). TexCat is not a corporation. It is a creature of Texas statute. Article 21.49 of the Texas Insurance Code, entitled "Catastrophe Property Insurance Pool Act," created TexCat in order "to provide a method whereby adequate windstorm, hail and fire insurance may be obtained in certain designated portions of the State of Texas." Tex.Ins.Code Ann. art. 21.49 § 1 (Vernon 1981).

Holiday Inn's policy with TexCat contained a limit on liability of one million dollars. Its policy with BFI contained a one million dollar deductible on damage from windstorms. According to Holiday Inn, the deductible feature comes into play only if its policy with TexCat is honored; that point, however, is disputed by both TexCat and BFI. (BFI also filed a brief in this action, even though it is not directly involved in this appeal which deals only with a jurisdictional question.) Both insurers maintain that the two insurance policies are entirely separate and that any legal questions concerning either policy can be answered independently and without reference to the other.

There is, though, at least one thing which both insurers have in common, and that is that both of them refused to pay Holiday Inn as much as Holiday Inn believed it was owed. After Holiday Inn filed a claim with BFI to collect for damage done to its hotel by Hurricane Allen, BFI sought a declaratory judgment in federal district court with respect to its liability—if any—under the policy. Holiday Inn answered BFI's complaint and then filed a cross-complaint against the insurance company. Next, Holiday Inn amended its cross-complaint and moved to join TexCat as a cross-defendant. TexCat responded by filing a motion to dismiss Holiday Inn's complaint against it (but not against BFI) for want of jurisdiction and for failure to state a claim upon which relief could be granted. The District Court granted the motion and dismissed the complaint against TexCat for want of jurisdiction. Hence, Holiday Inn now brings this appeal.

In holding that it had no jurisdiction to adjudicate the dispute between Holiday Inn and TexCat, the District Court relied on an interpretation of Art. 21.49 which was announced in the case of *Texas Catastrophe Property Insurance Association v. Miller,* 625 S.W.2d 343 (Tex.Civ.App.—Houston 1981, *writ dismissed* w.o.j.). In *Miller,* a party insured by TexCat attempted to sue the insurer in Harris County, Texas. TexCat appealed the decision against it, claiming a plea of privilege to be sued only in Travis County, Texas, and arguing further that before a suit even in Travis County could proceed, the aggrieved party was first required to exhaust various administrative remedies provided for by Article 21.49.[2] The Texas Court of Civil Appeals, an intermediate Texas court which is subordinate to the Texas Supreme Court, agreed with TexCat's reading of the Act. *Id.* at 346.

Holiday Inn urges that the District Court was wrong for two reasons. First, it as-

1. In keeping with the term of both appellants' and appellee's briefs, the appellants are often referred to in this opinion as "Holiday Inn."

2. In that case, TexCat cited Article 21.49 § 9 Tex.Ins.Code Ann. (Vernon 1981), which provides that:

    Any person insured pursuant to this Act ... who may be aggrieved by an act, ruling or decision of the Association [i.e. TexCat], may ... appeal to the Board.... [After a hearing], the Board shall affirm, reverse, or modify ... the act, ruling or decision [of the Association].... The Association, or the person aggrieved by any order or decision of the Board may thereafter appeal to the District Court of Travis County, Texas, and not elsewhere....

serts that the Texas court decided the *Miller* case wrongly and that that erroneous decision is not binding on this or the federal District Court. Second, Holiday Inn suggests that the doctrine of ancillary jurisdiction vests the federal Court with jurisdiction over the dispute between TexCat and Holiday Inn. We will deal with each of these two contentions.

## I.

■ That the court which decided *Miller* is not the highest court of Texas does not free this Court to disregard its holding. On the contrary: We consider ourselves *Erie*-bound to apply the law as it has been interpreted by the highest state court to rule on the matter. *Erie R.R. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). "We are bound," this Court pointed out in *Ford Motor Company v. Mathis,* 322 F.2d 267, 270 (5th Cir.1963), "by the applicable Texas law as we divine it today, not what it might be tomorrow." Often, an intermediate appellate court's view of the applicable law is authoritative. In *Thorington v. Cash,* 494 F.2d 582 (5th Cir.1974), this Court was called upon, as we are in this case, to rule upon a point which had been discussed by a state's intermediate court but not by its supreme court. Our conclusion in *Thorington* was nonetheless unequivocal: "[W]e are *Erie*-bound by the Georgia Court of Appeals" since its decision had not been disturbed by the Georgia Supreme Court. *Thorington,* 494 F.2d at 587. In short, when the supreme court of a state has not spoken to a particular issue, the well-established practice of this Circuit is to follow the opinion of the highest court which *has* written on the matter. The point was made clear in *Continental Grain Co. v. Martin,* 536 F.2d 592 (5th Cir.1976) *cert. denied,* 429 U.S. 1024, 97 S.Ct. 643, 50 L.Ed.2d 625 (1976). In *Continental Grain* this Court stated that absent a "Texas statute or decision of the Supreme Court of Texas which furnishes the guide to the question . . . we follow the rule announced

and applied by an intermediate appellate court of the state." *Id.* 536 F.2d at 593.

Of course, if we were convinced from specific tangible circumstances that the supreme court of the state would hold differently from the lower state court—as Holiday Inn has asserted the Texas Supreme Court would under the facts of *Miller*—we would defer less to the opinion of the intermediate court. But that is a possibility we need not now consider, since despite its bald assertion to the contrary Holiday Inn has offered no evidence which substantiates its view that the Texas Supreme Court disapproves of *Miller.* Consequently, the *Miller* decision binds this Court and it was properly regarded as authoritative and binding by the District Court.

## II.

Even though we are *Erie*-bound by *Miller,* Holiday Inn raises the possibility of using the doctrine of ancillary jurisdiction to circumvent that holding. More specifically, it suggests that *Miller*'s mandate—that an aggrieved party first exhaust administrative remedies and then sue only in Travis County, Texas—is not applicable when a federal court has ancillary jurisdiction over a dispute between TexCat and an aggrieved party which TexCat has insured.

Holiday Inn has framed a very interesting theoretical question, but it is not the question which is posed here. This is not a situation where a federal district court would clearly have ancillary jurisdiction were it not for a state statute which operates to preclude the exercise of that jurisdiction. Here, the District Court did not have and could not have had ancillary jurisdiction, because, first, the trial judge did not elect to assert it, and, second, ancillary jurisdiction is impermissible in this dispute.

## A.

■ Ancillary or pendent[3] jurisdiction is a discretionary doctrine. "[P]endent juris-

---

3. The distinction between ancillary and pendent jurisdiction is unclear, and often the terms are used interchangeably. In general, pendent

jurisdiction involves the pleading of state law issues whereas ancillary jurisdiction involves the impleading of additional parties. *See Al-*

diction is a doctrine of discretion, not of plaintiff's right." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). Whether to exercise such jurisdiction is within the discretion of the trial judge. *Jackson v. Stinchcomb*, 635 F.2d 462, 470–71 (5th Cir.1981); *Gregory v. Mitchell*, 634 F.2d 199, 202 (5th Cir.1981). Yet Holiday Inn has not even asserted, much less proved, that the District Court abused its discretion in declining to exercise ancillary jurisdiction.

The fact that ancillary jurisdiction is discretionary coupled with Holiday Inn's failure to plead that the District Court abused its discretion would usually end our inquiry. This case is peculiar, though, because as Holiday Inn points out it is not clear that the District Court considered the possibility of ancillary jurisdiction. Additionally, even if assuming that it was considered and rejected by the District Court, Holiday Inn argues that it has a compulsory counterclaim against TexCat which automatically and involuntarily vests the District Court with ancillary jurisdiction. For these reasons, we will go further and elaborate why ancillary jurisdiction is inappropriate and impermissible in this case.

### B.

Both insurance companies from which Holiday Inn has purchased insurance coverage have refused to pay what Holiday Inn feels it is due. Holiday Inn believes that the most efficient way to resolve its disputes with its insurers is to consolidate them in a single judicial proceeding. More important, Holiday Inn maintains that its counterclaim against TexCat is compulsory under F.R.Civ.P. 13(a).[4]

Whether a counterclaim is truly compulsory can be a difficult question. Thus, in *Plant v. Blazer Financial Services, Inc. of Ga.*, 598 F.2d 1357 (5th Cir.1979), this Court discussed the criteria to be used when determining whether a counterclaim is in fact compulsory. We concluded that when both the original claim and counterclaims arise from the same "aggregate of operative facts," then it can be said that the counterclaim is compulsory. *Id.* at 1360–61 (*quoting Revere Copper & Brass, Inc. v. Aetna Casualty & Surety Co.*, 426 F.2d 709, 715 (5th Cir.1970)).

In this case, a single hurricane caused the damage for which the appellant seeks to recover from two different insurance companies. But they are still two different insurance companies. And they have issued two different policies. Holiday Inn seems to think that the policies are inextricably interrelated, but it is the only party in this case which thinks that. Neither insurance company does, and, in fact, both have emphasized that the policies are neither interrelated nor mutually dependent.

Without intimating any view as to who is right about the connectedness of the policies, we conclude that whatever the merits of Holiday Inn's claim against TexCat, it is most definitely not a compulsory counterclaim under Rule 13(a). Rule 13(a) is pertinent to the dispute between BFI and Holiday Inn. Specifically, once BFI sued for a declaratory judgment against Holiday Inn, Holiday Inn's rights under the BFI insurance policy were dependent upon the out-

---

dinger v. Howard, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 176 (1976). This generalization, however, is simply that: a generalization. Indeed, the Supreme Court has specifically declined to decide "whether there are any 'principled' differences between pendent and ancillary jurisdiction." *Aldinger*, 427 U.S. at 13, 96 S.Ct. at 2420; *Owen Equipment and Erection Co. v. Kroger*, 437 U.S. 365, 370 n. 8, 98 S.Ct. 2396, 2401 n. 8, 57 L.Ed.2d 274 (1978). Nor will we attempt to delineate the differences. We do point out, however, that although Holiday Inn has couched its argument entirely in terms of ancillary jurisdiction, it is attempting to have a federal district court hear a dispute between

nondiverse litigants over questions exclusively of state law.

4. F.R.Civ.P. 13(a) provides that:

A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

come of that suit. If, then, Holiday Inn has any compulsory counterclaim at all, it is with respect to BFI. With respect to Tex-Cat, Holiday Inn is only attempting to implead additional parties; it is not asserting a counterclaim against an already opposing party. *See e.g. Baker v. Gold Seal Liquors,* 417 U.S. 467, 469 n. 1, 94 S.Ct. 2504, 2506 n. 1, 41 L.Ed.2d 243 (1973); *see generally* 6 C. Wright & A. Miller, Federal Practice and Procedure § 1409, at 36–37 n. 20 (1971).

It has been said that "Rule 13(a) and the doctrine of ancillary jurisdiction are designed to abolish the same evil, viz., piecemeal litigation in the federal courts." *Great Lakes Rubber Corporation v. Herbert Cooper Co., Inc.,* 286 F.2d 631, 633–34 (3d Cir.1961). We point out that by requiring Holiday Inn to proceed against TexCat in the manner prescribed by the *Miller* decision, this Court in no way encourages piecemeal *federal* litigation. Holiday Inn's claim against TexCat is ineluctably a state claim: it arises from an alleged denial of a state-created right, and the State of Texas has provided for the resolution of such disputes. More than that, BFI has nothing to do with that state right.

Holiday Inn's effort to haul TexCat into federal court and adjudicate a state law issue between nondiverse parties is a ploy which was specifically prohibited by the Supreme Court in *Aldinger v. Howard,* 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976). That case addressed the question of "whether the doctrine of pendent jurisdiction extends to confer jurisdiction over a party as to whom no independent basis of federal jurisdiction exists." *Id.* at 2–3, 96 S.Ct. at 2415. The Court emphasized that "where nonfederal issues or claims [are] bound up with the federal claims upon which the parties [are] already in federal court, ... nothing ... prevent[s] adjudication of the nonfederal portions of the parties' dispute." *Id.* at 9, 96 S.Ct. at 2418; *see also Gibbs,* 383 U.S. at 725, 86 S.Ct. at 1138, 16 L.Ed.2d at 227 (1966). But the Court carefully distinguished such cases of permissible pendent jurisdiction from the question of "whether a nonfederal claim could *in turn* be the basis for joining a party over whom no independent federal jurisdiction exists, simply because that claim could be derived from the 'common nucleus of operative fact' giving rise to the dispute between the parties to the federal claim." *Aldinger,* 427 U.S. at 9, 96 S.Ct. at 2418 (emphasis in original).

Initially, we should mention that the disputes between Holiday Inn and its two insurers derive from a "common nucleus of operative fact" only in the most geographic or natural sense. Hurricane Allen can hardly be called an "operative fact," and we are unpersuaded that the same legal questions necessarily govern both disputes. Irrespective of whether the legal issues are the same, however, the Supreme Court in *Aldinger* rejected the extension of ancillary jurisdiction to encompass the type of suit which Holiday Inn wants to bring against TexCat:

The situation with respect to the joining of a new party, however, strikes us as being both factually and legally different from the situation facing the Court in *Gibbs* and its predecessors. From a purely factual point of view, it is one thing to authorize two parties, already present in federal court by virtue of a case over which the court has jurisdiction, to litigate in addition to their federal claim a state-law claim over which there is no independent basis of federal jurisdiction. But it is quite another thing to permit a plaintiff, who has asserted a claim against one defendant with respect to which there is federal jurisdiction, to join an entirely different defendant on the basis of a state-law claim over which there is no independent basis of federal jurisdiction, simply because his claim against the first defendant and his claim against the second defendant 'derive from a common nucleus of operative fact.' *Ibid.* [*Gibbs,* 383 U.S. at 725, 86 S.Ct. at 1138] True, the same considerations of judicial economy would be served insofar as plaintiff's claims 'are such that he would ordinarily be expected to try them all in one judicial proceeding. . . .' *Ibid.* But the addition of a completely

new party would run counter to the well-established principle that federal courts, as opposed to state trial courts of general jurisdiction, are courts of limited jurisdiction marked out by Congress.

*Id.* at 14–15, 96 S.Ct. at 2420.

Again, in *Owen Equipment and Erection Co. v. Kroger,* 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978), the Supreme Court asked the same question: "Under what circumstances may a federal court hear and decide a state-law claim arising between citizens of the same State?" *Id.* at 370, 98 S.Ct. at 2401. Thus framed, the issue is precisely the one which arises in this case. In *Owen Equipment,* the Court pointed out that the "common nucleus of operative fact" test is merely the first jurisdictional hurdle which must be cleared before a federal court can hear a state-law claim. *Id.* at 373, 98 S.Ct. at 2402. If and when the common nucleus test is met, the Court must then consider the specific facts before it, for "in determining whether jurisdiction over a nonfederal claim exists, the context in which the nonfederal claim is asserted is crucial." *Id.* at 375–76, 98 S.Ct. at 2403–2404. Further, the Court held that in the context of *Owen Equipment,* ancillary jurisdiction was not appropriate. Significantly, the facts of that case are remarkably similar to those here. In *Owen Equipment,* the Court took notice of the fact that, as in this case, it was the plaintiff "who voluntarily chose to bring suit upon a state-law claim in federal court. By contrast, ancillary jurisdiction typically involves claims by a defending party haled into court against his will, or by another person whose rights may be irretrievably lost unless he could assert them in an ongoing action in a federal court." *Id.* at 376, 98 S.Ct. at 2404. In the end, the Supreme Court refused to permit the plaintiff to circumvent the diversity requirement of 28 U.S.C. § 1332(a)(1)[5] by hauling a defendant from the same state into federal court on a question of state law.

*Owen Equipment* is analytically indistinguishable from the case now before us. Although there it was the plaintiff which initiated all the litigation, whereas in this case Holiday Inn is a cross-plaintiff and did not originate the litigation but rather was forced to answer BFI's motion for declaratory judgment, that distinction is not significant. And it is certainly not enough to overcome the general diversity requirement.

Even before the Supreme Court's decision in *Owen Equipment,* this Court had refused to interpret the doctrine of ancillary jurisdiction in so broad a fashion as to defeat or vitiate the diversity jurisdiction statute which requires "strict construction." *See Fawvor v. Texaco, Inc.,* 546 F.2d 636, 639 (5th Cir.1977). In *Fawvor,* the plaintiff sued Texaco, a Delaware corporation, in federal court on the basis of diversity jurisdiction. Defendant Texaco then impleaded B & B Insulation, Inc., a Texas resident, as a third-party defendant.[6] B & B clearly could not have been sued directly by the plaintiff in federal court since the basis of the action was a state-law claim. But because Texaco impleaded B & B, the plaintiff asserted a negligence claim against B & B. This Court rejected the plaintiff's argument "that ancillary jurisdiction and convenience" justify his state-law claim against B & B in federal court. *Id.* at 639. We made it clear that "an independent basis of

---

**5.** 28 U.S.C. § 1332(a)(1) reads:

§ 1332. Diversity of citizenship; amount in controversy; costs

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and is between—

(1) citizens of different States....

**6.** This was accomplished pursuant to F.R.Civ.P. 14(a) which provides that:

[A] defending party, as a third-party plaintiff, may cause a summons and a complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him.... The plaintiff may assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff, and the third-party defendant thereupon shall assert his defenses as provided in [F.R.Civ.P.] 12 and his counterclaims and cross-claims as provided in Rule 13 ...

jurisdiction is necessary for a plaintiff in a diversity action to assert a non-federal claim against a non-diverse third-party defendant." *Id.* at 643.

Holiday Inn's hope of resolving both disputes in a single proceeding in federal court is foreclosed by both *Owen Equipment* and *Fawvor.*[7] Its argument that its rights against TexCat will be affected by the resolution of the dispute between it and BFI is undoubtedly incorrect, but, even if true, that would only mean that Holiday Inn should sue both insurers in state court. It certainly does not mean that Holiday Inn can ignore or defeat the diversity requirement. The dispute between TexCat and Holiday Inn is a dispute between nondiverse parties, and it is a dispute which involves only issues of state law. It is a dispute which does not belong in federal court.

Accordingly, the district court's dismissal of the suit against TexCat for want of jurisdiction is AFFIRMED.

AFFIRMED.

---

7. It appears that Holiday Inn recognizes that its proper remedy is probably that which is delineated by Art. 21.49 which created TexCat. Since filing this appeal, Holiday Inn has decided to pursue the administrative remedy provided for by that Act. A copy of Holiday Inn's application for review filed with the State Board of Insurance on 18 October 1982 has been furnished this Court in the brief of the appellee.