OPINION
ELLIS, Justice.
Ima Lee Ross filed suit in district court in Galveston County to enforce an appraisal award for damages to her home from Hurricane Alicia. Appellees Texas Catastrophe Property Insurance Association (the “Association”) and the State Board of Insurance (the “Board”) each filed a Plea to the Jurisdiction contesting the district court’s subject matter jurisdiction on the ground that Appellant had not pursued her exclusive and mandatory remedy pursuant to Tex.Ins.Code Ann. art. 21.49, § 9 (Vernon 1981). The court sustained the pleas and dismissed the suit without prejudice. We affirm the order of dismissal.
Appellant argues in her two points of error that the trial court erred in dismissing, for want of jurisdiction, her petition to enforce the appraisal award because (1) the primary jurisdiction of the State Board of *412 Insurance does not extend beyond the statutorily-mandated requirement to hear an appeal from an Association decision within thirty days; and (2) the enforcement or denial of an appraisal award is an exception to the doctrines of primary jurisdiction and exhaustion of remedies, thereby giving the trial court jurisdiction, because: (a) an award of an umpire appointed pursuant to the appraisal provision of an insurance policy can be overturned only by fraud, misconduct or gross mistake, and such questions are primarily judicial in nature; (b) the administrative remedies are inadequate; and (c) the appraisal award is enforceable at common law.
In 1971, the legislature passed the Texas Catastrophe Property Insurance Pool Act, codified in article 21.49 of the Texas Insurance Code, to provide adequate windstorm, hail and fire insurance in designated areas of the state where the risk of hurricane damage is great. Texas Catastrophe Property Insurance Association v. Council of Co-Owners of Saida II Towers Condominium Association, 706 S.W.2d 644 (Tex.1986); Tex.Ins.Code Ann. art. 21.49, § 1 (Vernon 1981). The Act created the Texas Catastrophe Property Insurance Association, consisting of all property insurers authorized to transact property insurance in the state, with certain exceptions. Id. § 4. The members’ risk of loss is allocated according to a specific formula set forth in the Act. Id. § 5(c) (Vernon Supp. 1986). Furthermore, the State Board of Insurance is specifically authorized to issue any orders it considers necessary to carry out the purposes of the Act. Id. § 5A(a) (Vernon 1981). Of import in this case is the appeals procedure, described in section 9 of the Act, whereby any person insured under the Act who may be aggrieved by an act, ruling or decision of the Association may, within thirty days of such ruling, appeal to the Board. The Board shall hear the appeal within thirty days after its receipt and shall affirm, reverse or modify the ruling within thirty days after the hearing. Either the Association or the insured may then appeal the Board’s decision to the district court of Travis County, Texas, only.
In August, 1983, Hurricane Alicia damaged Appellant’s home in Galveston County, Texas. Following partial denial of her claim under an insurance policy issued by the Association, she demanded an appraisal of her loss pursuant to that provision of the policy. Appellant and the Association each selected an appraiser, and when the two appraisers failed to agree on an umpire, the 122nd District Court in Galveston County appointed one. The appraiser for Appellant and the umpire awarded Appellant $58,466, an amount the Association contested and declined to pay. On October 19, 1984, Appellant appealed to the Board, and a hearing was set for May 15, 1985. However, prior to that hearing, Appellant filed suit against the Association to enforce the award in the 122nd District Court in Galveston County, alleging that the Board had lost jurisdiction of the proceeding by failing to hear the appeal within thirty days after it was filed. The Board intervened in the district court action.
Going first to Appellant’s second point of error, that the enforcement or denial of an appraisal award is an exception to the doctrines of primary jurisdiction and exhaustion of remedies, we note that on March 5, 1986, after Appellant’s brief was filed in this case, the supreme court issued its opinion in Texas Catastrophe Property Insurance Association v. Council of Co-Owners of Saida II Towers Condominium Association, 706 S.W.2d 644 (Tex.1986), reversing the court of appeals decision relied upon by Appellant for part of her argument. In the Saida case, several property owners insured by the Association sought review of a Board order denying them recovery for property damage from Hurricane Allen. The trial court dismissed their cases for want of jurisdiction because of their failure to join the Board as a party-defendant within the time required by the Administrative Procedure and Texas Register Act, Tex.Rev.Civ.Stat.Ann. art. 6252-13a, § 19(b) (Vernon Supp.1986). The court of appeals reversed and remanded, holding that the Board had no authority to hear the claims and that the trial court had jurisdic *413 tion of the common law claims asserted by the property owners. Id. at 644-45. The supreme court reversed the court of appeals, stating that the right of a property owner in the catastrophe area to participate in and obtain benefits from the windstorm insurance plan does not derive from the common law but solely from statutory law, the Texas Catastrophe Property Insurance Pool Act. Therefore, the statutory provisions are mandatory and exclusive and must be complied with in all respects. Id. at 646, citing Mingus v. Wadley, 115 Tex. 551, 558, 285 S.W. 1084, 1087 (1926). In addition, the court held that the Act authorizes the Board to resolve disputes arising from the denial by the Association of its policyholders’ claims and, further, that the appeals procedure available to an aggrieved party is mandatory and exclusive. Id. at 647. The Saida opinion thus affirms this court’s holding in Texas Catastrophe Property Insurance Association v. Miller, 625 S.W.2d 343, 347 (Tex.Civ.App.-Houston [14th Dist.] 1981, writ dism’d w.o.j.) that the procedure for appeal detailed in the Act is mandatory.
In light of the supreme court’s ruling, Appellant’s argument that the trial court has jurisdiction over her petition is clearly without support. The benefits she seeks to enforce in this action are statutory insurance benefits, created and governed by the Texas Catastrophe Property Insurance Pool Act. While it is true that exceptions to the exhaustion of remedies and primary jurisdiction doctrines exist if the questions present in a lawsuit are primarily judicial in nature or if the administrative agency is powerless to grant the relief sought, neither exception applies here. As in Miller, Appellant’s original claim to the Association was for payment of money for damages to her home. The Miller court determined that this is not a judicial question and that the Board does have the power to grant such an award. Texas Catastrophe Property Insurance Association v. Miller, 625 S.W.2d at 347. The Saida court affirms that authority and, further, mandates a hearing before the Board prior to judicial action. Accordingly, we overrule Appellant’s second point of error.
Appellant argues in her first point of error that the Board loses jurisdiction of a proceeding under the Act when it fails to hear an appeal within thirty days of its filing. Section 9 of the Act provides that the Board shall hear an appeal from a decision of the Association within thirty days after receipt of such appeal. Appellant argues that the word “shall” as used in this sentence is mandatory. Although “shall” is generally so construed, it may be held to be merely directory. Chisholm v. Bewley Mills, 155 Tex. 400, 287 S.W.2d 943, 945 (1956). In Chisholm the supreme court discussed how to determine whether the legislature intended a particular provision to be mandatory rather than directory. The court stated that consideration should be given to the entire act, its nature and object, and the consequences of each construction.
Provisions which are not of the essence of the thing to be done, but which are included for the purpose of promoting the proper, orderly and prompt conduct of business, are not generally regarded as mandatory. If the statute directs, authorizes or commands an act tó be done within a certain time, the absence of words restraining the doing thereof afterwards or stating the consequences of failure to act within the time specified, may be considered as a circumstance tending to support a directory construction.

Id.

As discussed above, with passage of the Texas Catastrophe Property Insurance Act, the legislature provided a mechanism to deal with the consequences of natural disasters prevalent in certain areas of this state. When a catastrophe of the magnitude of Hurricane Alicia strikes, the Association must deal with thousands of claims filed contemporaneously. Disputes arising from those claims then come before the Board also contemporaneously, as evidenced by the deposition testimony of James Norman, Chief Clerk of the State *414 Board of Insurance, who described how the Board is dealing with the increased caseload. Having designated the Board as the arbiter in these circumstances, surely the legislature did not intend to then revoke that designation by mandating such a short time period in which the Board must act. Furthermore, the stated time period would appear to have been included to encourage “the proper, orderly and prompt conduct of business,” and the absence of any language in the remainder of section 9 explicitly depriving the Board of its jurisdiction as a consequence of its failure to act within the specified time would appear to fit squarely within the Chisholm discussion.
The decision of the trial court to dismiss Appellant’s suit, and of this court to affirm, does not leave Appellant without recourse. Her hearing before the State Board of Insurance has been postponed until judicial determination of the current action. Furthermore, Appellant has recourse to the courts of Travis County once the Board acts on her appeal. This is the procedure that the legislature has designed for such cases and that the supreme court has so recently declared mandatory and exclusive. Accordingly, we overrule Appellant’s first point of error and affirm the dismissal order of the trial court. .