In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-276 CV


____________________



IN RE TEXAS WINDSTORM INSURANCE ASSOCIATION






Original Proceeding






OPINION


 After the Texas Windstorm Insurance Association denied Joe D. Malley's water and
mold claim on his Galveston County beach house, he sued the Association and his
homeowner's insurance carriers, Evanston Insurance Company and Markel American
Insurance Company, in Jefferson County, Malley's county of residence. The Association
moved to transfer venue from Jefferson County to Travis County under the venue
provision contained in the statute governing the legislatively-created Association. See Tex.
Ins. Code Ann. art. 21.49 (Vernon Supp. 2003). The trial court denied the motion, and
the Association filed this petition for writ of mandamus asserting the venue provision is
mandatory. See Tex. Civ. Prac. & Rem. Code Ann. § 15.016 (Vernon 2002)("An action
governed by any other statute prescribing mandatory venue shall be brought in the county
required by that statute."). See also Tex. Civ. Prac. & Rem. Code Ann. § 15.0642
(Vernon 2002) ("A party may apply for a writ of mandamus with an appellate court to
enforce the mandatory venue provisions of this chapter."). 

 Malley contends Article 21.49 is not a mandatory venue provision. He also argues
that, even if it is, Section 15.005 of the Texas Civil Practice and Remedies Code operates
to defeat mandatory statutory venue when the plaintiff establishes permissive venue as to
another defendant. See Tex. Civ. Prac. & Rem. Code Ann. § 15.005 (Vernon 2002). 
The section he cites, Section 15.005, provides:

 In a suit in which the plaintiff has established proper venue against a
defendant, the court also has venue of all the defendants in all claims or
actions arising out of the same transaction, occurrence, or series of
transactions or occurrences. 


Malley contends the two other defendants in the action, Evanston and Markel, are subject
to suit in Jefferson County, the plaintiff's county of residence, under the general venue
statute. See Tex. Civ. Prac. & Rem. Code Ann. § 15.002(a) (Vernon 2002). Therefore,
he reasons, Section 15.005 creates venue in Jefferson County for the claim against the
Association. See Tex. Civ. Prac. & Rem. Code Ann. § 15.005 (Vernon 2002). 

 Texas Windstorm Insurance Association is composed of insurance companies
required by statute to join the Association as a condition of their authority to transact 
business in Texas. See Tex. Ins. Code Ann. art. 21.49, § 4 (Vernon Supp. 2003). The
statute creating and governing the Association, and governing claims made against the
Association, was intended to make windstorm insurance available in designated portions
of Texas where the risk of hurricane is great. See Texas Catastrophe Property Ins. Ass'n
v. Council of Co-Owners of Saida II Towers Condominium Ass'n, 706 S.W.2d 644, 645
(Tex.1986). Where a cause of action and the remedy for its enforcement are derived from
a statute, as here, the statutory provisions are mandatory and must be complied with in all
respects, or the action is not maintainable. See Mingus v. Wadley, 115 Tex. 551, 285
S.W. 1084, 1087 (1926) (1); Rowden v. Texas Catastrophe Property Ins. Ass'n, 677 S.W.2d
83, 87 (Tex. App.--Corpus Christi 1984, writ ref'd n.r.e.). 

 Article 21.49 of the Texas Insurance Code establishes the Association's organization
and operations, and also provides a mechanism through which an aggrieved person may
appeal a decision of the Association or file a suit to resolve a dispute related to the
payment or denial of a claim by the Association. See Tex. Ins. Code Ann. art. 21.49
(Vernon Supp. 2003). Section 9A of Article 21.49 provides: 

 (a) Except as provided by Section 10 of this Article, [Immunity from
Liability], any person insured under this Act who is aggrieved by an act,
ruling, or decision of the Association relating to the payment of, the amount
of, or the denial of a claim may elect to bring an action, including an action
under Article 21.21 of this code, [Unfair Competition and Unfair Practices],
against the Association in a court of competent jurisdiction or to appeal the
act, ruling, or decision under Section 9 of this Article [Appeals]. A person
may not proceed under both Section 9 of this Article and this section for the
same act, ruling, or decision.


 (b) Except as otherwise provided by this subsection, venue in a
proceeding action against the Association under this section, including an
action under Article 21.21 of this code, is in the county in which the covered
property is located or in a District Court of Travis County. Venue is only
in the District Court of Travis County if the claimant joins the State Board
of Insurance as a party to the action.


 We first address Malley's statutory construction argument that subsection 9A(b) is
not a mandatory venue provision. He argues that the addition in 1991 -- of the Section 9A
remedy of filing suit against the Association -- established mandatory venue only for suits
in which the State Board of Insurance is a party.

 The primary objective of statutory construction is to determine and give effect to
the intent of the Legislature. National Liab. & Fire Ins. Co. v. Allen, 15 S.W.3d 525, 527
(Tex. 2000); see Tex. Gov't Code Ann. § 311.021 (Vernon 1998). Unambiguous
statutory language is interpreted according to its plain meaning. Moreno v. Sterling Drug,
Inc., 787 S.W.2d 348, 352 (Tex.1990). Courts presume the Legislature intended each
word contained in a statute to have a purpose. In re Vorwerk, 6 S.W.3d 781, 783 (Tex.
App.--Austin 1999, orig. proceeding). The words in question cannot be viewed in
isolation; the statute is to be considered as a whole. Id. 

 Prior to the amendment of Article 21.49 in 1991, the Travis County venue provision
was held to be mandatory. Texas Catastrophe Property Ins. Ass'n v. Miller, 625 S.W.2d
343, 347 (Tex. Civ. App.--Houston [14th Dist.] 1981, writ dism'd w.o.j.). (2) Malley
contends that in its current form, however, Section 9A of Article 21.49 describes
permissive venue. The current statute, he argues, lacks words of mandatory meaning such
as "shall" or "must," and the only mandatory language addresses instances in which the
State Board of Insurance is joined as a party to the action. We disagree. The Legislature
added "the county in which the property is located" to the Travis County venue provision,
but there is no indication the Legislature intended to change the mandatory nature of the
provision. 

 In Wichita County, Tex. v. Hart, 917 S.W.2d 779, 781 (Tex. 1996), the Court
construed a statute that provided "a public employee may sue under this chapter in a
district court of the county in which the employee resides or in a district court of Travis
County." The Court reasoned that "the permissive term 'may' in the Whistleblower Act's
venue provision, in light of its contemporaneous reorganization of the venue statute,
strongly suggests that the Act's venue provision is permissive." Hart, 917 S.W.2d at 782.
 Section 9A, in contrast, separates the right to sue in subsection (a), which contains the
permissive term "may," from the venue provisions in subsection (b). The language in
subsection (b) of Article 21.49, Section 9A -- "venue . . . is in"-- articulates a mandatory
venue provision.

 Having determined that the statute under which the plaintiff filed his suit against 
the Association contains a mandatory venue provision, we must decide whether the
mandatory venue provision controls over the permissive venue provision on which Malley
relies. Malley reasons that, had the Legislature intended to provide that a mandatory
venue provision as to any one defendant would control as to all defendants, the Legislature
would have included mandatory venue language, similar to language found in Section
15.004, in Section 15.005. See Tex. Civ. Prac. & Rem. Code Ann. §§ 15.004-.005
(Vernon 2002). In effect, under this construction, Section 15.005 would be inconsistent
with, and would control, Section 15.004. We decline to adopt this statutory construction.

 The two sections are part of a single procedure for determining venue, were enacted
simultaneously, and must be considered as a whole and in connection with other provisions
in the general venue statute. As originally codified, Chapter 15 of the Civil Practice and
Remedies Code addressed joinder of defendants and joinder of claims in a single section,
which read:

 Sec. 15.061. JOINDER OF DEFENDANTS OR CLAIMS. 

 When two or more parties are joined as defendants in the same action
or two or more claims or causes of action are properly joined in one action
and the court has venue of an action or claim against any one defendant, the
court also has venue of all claims or actions against all defendants unless one
or more of the claims or causes of action is governed by one of the
provisions of Subchapter B requiring transfer of the claim or cause of action,
on proper objection, to the mandatory county.


Act of May 17, 1985, 69th Leg., R.S., ch. 959, § 1, sec. 15.061, 1985 Tex. Gen. Laws
3249. In 1995, the Legislature repealed Section 15.061 and added Sections 15.004 and
15.005, which provide:

 § 15.004. Mandatory Venue Provisions Governs Multiple Claims. 

 In a suit in which a plaintiff properly joins two or more claims or
causes of action arising from the same transaction, occurrence, or series of
transactions or occurrences, and one of the claims or causes of action is
governed by the mandatory venue provisions of Subchapter B [§§ 15.011-.020], the suit shall be brought in the county required by the mandatory
venue provision.

 

 § 15.005. Multiple Defendants. 

 In a suit in which the plaintiff has established proper venue against a
defendant, the court also has venue of all the defendants in all claims or
actions arising out of the same transaction, occurrence, or series of
transactions or occurrences.

 

Tex. Civ. Prac. & Rem. Code Ann. §§ 15.004-.005 (Vernon 2002). 

 In construing a statute, we presume the entire statute is intended to be effective. 
Tex. Gov't Code Ann. § 311.021 (Vernon 1998). We also consider the common law or
former statutory provisions, including laws on the same or similar subjects and the
consequences of a particular construction. Tex. Gov't Code Ann. § 311.023 (Vernon
1998). Under the provisions of former section 15.061, venue attached because of the
presence of proper venue against another defendant unless a mandatory venue provision
required transfer to the mandatory county. Likewise, under a plain reading of section
15.004, if a mandatory venue provision applies to any claim or cause of action, then all
claims and causes of action arising from the same transaction must be brought in the
county of mandatory venue. Were we to accept Malley's suggested construction, section
15.004 would apply only in cases in which there is a single defendant. But nothing in the
section suggests this limitation. And Malley's construction would allow permissive venue
under the general venue statute to defeat mandatory venue under another statute. The
language in Section 9A of Article 21.49 does not suggest the Legislature intended the
mandatory venue section for claims against the Association to be inapplicable when other
defendants are joined. Section 15.016 of the general venue statute states that "[a]n action
governed by any other statute prescribing mandatory venue shall be brought in the county
required by that statute." Tex. Gov't Code Ann. § 15.016 (Vernon 2002). The
mandatory venue provision in Section 9A of Article 21.49 of the Insurance Code governs
venue of claims against the Association. 

 The trial court erred in denying the motion to transfer venue to Travis County. We
conditionally grant the petition for writ of mandamus. We are confident the trial court will
withdraw its previous order and transfer the case. Writ will issue only if the trial court
below fails to comply with this decision.

 WRIT CONDITIONALLY GRANTED.

 __________________________________

 DAVID B. GAULTNEY

 Justice




Submitted on August 12, 2003

Opinion Delivered October 30, 2003


Before McKeithen, C.J., Burgess and Gaultney, JJ.

DISSENTING OPINION


 I respectfully dissent. The majority holds Article 21.49, section 9A(b) is a
mandatory venue statute. Tex. Ins. Code Ann. art. 21.49, § 9A(b) (Vernon Supp. 2003). 
I disagree. In 1991, the Legislature amended the Catastrophe Property Insurance Pool Act
(Act) by amending Section 9 and adding Section 9A (the new section includes the provision
at issue in this case). Act of June 6, 1991, 72nd Leg., R.S., ch. 242, § 11.37, 1991 Tex.
Gen. Laws 939, 1070.

 In relevant part, prior to the 1991 amendments a party aggrieved by a decision
under the Act had the following remedies:

 Sec. 9. Any person insured pursuant to this Act; or his duly authorized
representative, or any affected insurer who may be aggrieved by an act,
ruling or decision of the Association, may, within 30 days after such act,
ruling or decision, appeal to the Board. . . . The Association, or the person
aggrieved by any order or decision of the Board may thereafter appeal to the
District Court of Travis County, Texas, and not elsewhere, in accordance
with Article 1.04(f) of the Insurance Code of Texas. (emphasis supplied)


Act of April 29, 1971, 62nd Leg., R.S., ch. 100, 1971 Tex. Gen. Laws 843 (amended 


1991) (current version at Tex. Ins. Code Ann. art. 21.49, § 9 (Vernon Supp. 2003)).


 Prior to the 1991 amendments, failure to bring an appeal in Travis County ("and not
elsewhere") was a jurisdictional defect. Rowden v. Tex. Catastrophe Property Ins. Ass'n,
677 S.W.2d 83, 88 (Tex. App.--Corpus Christi 1984, writ ref'd n.r.e.)("This statutory
provision for place of trial is jurisdictional and not merely a permissive venue provision.");
Tex. Catastrophe Property Ins. Ass'n v. Miller, 625 S.W.2d 343, 346 (Tex. App.--Houston [14th Dist.] 1981, writ dism'd)("This statutory provision for place of trial is
jurisdictional.")

 The 1991 amendments to Section 9 eliminated the language on which these earlier

decisions were based:

 Sec. 9. Any person insured pursuant to this Act, or his duly authorized
representative, or any affected insurer who may be aggrieved by an act,
ruling or decision of the Association, may, within 30 days after such act;
ruling or decision appeal to the commissioner. . . . The Association, or the
person aggrieved by any order or decision of the commissioner, may
thereafter appeal to either a District Court of Travis County, Texas, or a
District Court in the county in which the covered property is located. An
action brought under this section is subject to the procedures established
under Article 1.04(f) of this Civil Practice and Remedies Code. (emphasis
supplied).


Tex. Ins. Code Ann. art. 21.49, § 9 (Vernon Supp. 2003).


 The 1991 amendments added Section 9A, subparagraph (b) of which is the venue

provision at issue in this case. Section 9A gave policyholders the option of appealing an

administrative decision of the Association or bringing an action on their coverage claims:

 Sec. 9A. (a) Except as provided by Section 10 of this Article, any person
insured under this Act who is aggrieved by an act, ruling, or decision of the
Association relating to the payment of, the amount of, or the denial of a
claim may elect to bring an action, including an action under Article 21.21
of this code, against the Association in a court of competent jurisdiction or
to appeal the act, ruling, or decision under Section 9 of this Article. A
person may not proceed under both Section 9 of this Article and this section
for the same act, ruling, or decision.

 (b) Except as otherwise provided by this subsection, venue in a proceeding
action against the Association under this section, including an action under
Article 21.21 of this code, is in the county in which the covered property is
located or in a District Court of Travis County. Venue is only in the District
Court of Travis County if the claimant joins the State Board of Insurance as
a party to the action. (emphasis supplied)


Tex. Ins. Code Ann. art. 21.49, § 9A(a)(b) (Vernon Supp. 2003).


 Mandatory venue provisions are strictly construed. Maranatha Temple, Inc. v.
Enter. Prod. Co., 833 S.W.2d 736, 739 (Tex. App.--Houston [1st Dist] 1992, writ
denied). The words "shall be" in a venue statute are some evidence that the statute is
mandatory. Allied Artists Pictures Corp. v. Transcontinental Theatres, Texas, Inc., 573
S.W.2d 871, 872 (Tex. App.--Eastland 1978, writ dism'd). However, in other instances,
use of the word "shall" is merely permissive. Langdeau v. Burke Inv. Co., 358 S.W.2d
553, 554 (Tex. 1962)(language in a venue statute that county in which delinquency
proceedings are pending "shall have venue" creates a permissive venue statute); Mutual
Fire & Automobile Ins. Co. v. Kirkman, 231 S.W.2d 459, 460 (Tex. App.--Eastland 1950,
no writ)(language that "venue shall lie" in county where the cause of action arose is
permissive and is not equivalent to command that action "must be brought" in a particu1ar
county).

 The word "must" is given a mandatory meaning when followed by a noncompliance
penalty. Helena Chemical Co. v. Wilkins, 47 S.W.3d 486, 493-94 (Tex. 2001)(quoting
Harris County Appraisal Dist. v. Consolidated Capital Properties IV, 795 S.W.2d 39, 41
(Tex. App.--Amarillo 1990, writ denied)). The words "shall" and "must" are notably
absent from that part of Section 9A(b) that applies to actions against the TWIA. The only
instance in which a mandatory word is used is when an action also names the State Board
of Insurance as a party. Tex. Ins. Code Ann. art. 21.49 § 9A(b)("Venue is only in the
District Court of Travis County if the claimant joins the State Board of Insurance as a party
to the action.").

 When determining whether a statute is mandatory or permissive, a Court may look
to other factors including: "the object sought to be obtained; the circumstances of the
statute's enactment; the legislative history; the common law or former statutory provisions,
including laws on the same or similar subjects; the consequences of a particular
construction; administrative construction of the statute; and the title, preamble, and
emergency provisions." Helena Chemical, 47 S.W.3d at 493. These additional tests do
not advance the claim that Section 9A(b) is mandatory. The drafters of the Insurance Code
surely knew how to create a mandatory venue provision. In addition to the requirement
in section 9A(b) of article 21.49 that actions in which the State Board of Insurance is a
party can "only" be brought in Travis County, there are other mandatory venue provisions
elsewhere in the Texas Insurance Code. However, such mandatory provisions are not the
rule and tend to apply in situations in which the State is involved either as a party or is
playing an enforcement role.

 A person alleging "economic damages as a result of another's engaging in unfair

discrimination, as defined in Section 2 of this article may maintain an action against the
person or persons engaging in such acts or practices in a district court in Travis County,
Texas, and not elsewhere." Tex. Ins. Code Ann. art. 21.21-8, § 3(a) (Vernon Supp. 2003).
Venue "shall" lie in the District Court of Travis County, Texas for administrative class
actions to recover premium refunds. Tex. Ins. Code Ann. art. 21.21, § 14(b) (Vernon Supp.
2003). Venue "shall" lie in Travis County for actions under Article 21.21 ("Unfair
Competition and Unfair Practices") if the State Board of Insurance is a party. Tex. Ins. Code
Ann. art. 21.21, § 21 (Vernon 1981).

 Private property insurers, like Evanston and Markel, have been subject to a permissive
venue statute since 1983. Under that venue statute, venue is proper in the county in which
the insured property is located. Act of June 17, 1983, 68th Leg. R.S., ch. 385, 1983 Tex.
Gen. Laws 2119, 2120-23 (amended 1985, 1995)(current version at Tex. Civ. Prac. & Rem.
Code Ann. §15.032 (Vernon 2002)). That venue rule is expressly defined as a permissive
venue under Subchapter C of the venue statutes in the Civil Practice and Remedies Code. 
Tex. Civ. Prac. & Rem. Code § 15.032; Chiriboga v. State Farm Mut. Auto. Ins. Co., 96
S.W.3d 673, 682 n. 5 (Tex. App.--Austin 2003)(Section 15.032 is a "permissive venue
scheme").

 TWIA is nothing more than a property insurer created by statute. Tex. Ins. Code
Ann. art. 21.49, § 1 (Vernon 1981)(Purpose of the Act is to "provide a method whereby
adequate windstorm, hail and fire insurance may be obtained in certain designated portions
of the State of Texas.") The members of the TWIA "consist of all property insurers
authorized to transact property insurance in this State, except those companies that are
prevented by law from writing coverages available through the pool on a Statewide basis."
Tex. Ins. Code Ann. art. 21.49, § 4 (Vernon Supp. 2003). Member insurers who write
policies for residential property in a "first tier coastal county" are assessed a fee to pay for
the inspection program required by the Act. Tex. Ins. Code Ann. art. 21.49, § 6B(a)
(Vernon Supp. 2003). Jefferson County is one of the first tier coastal counties. Tex. Ins.
Code Ann. art. 21.49, § 3(7)(Vernon Supp. 2003).

 The single requirement in Section 9A(b) in Article 21.49 of the Insurance Code that
suits naming the State Board of Insurance can "only" be brought in Travis County mirrors
the mandatory venue provision that applies to actions against the head of a department of the
State of Texas. Tex. Civ. Prac. & Rem. Code Ann. § 15.014 (Vernon 2002). TWIA was
expressly not included in this mandatory language.

 Section 9A of the Act was enacted after the 1983 permissive venue statute governing
private property insurers. As relevant to this claim, the language in section 9A does not
employ the language used to create mandatory venue in other parts of the Insurance Code
and in that part of section 9A(b) that applies to actions in which the State Insurance Board
is a party. The State Board of Insurance is not a party to this case. Section 9 of the Act was
amended to remove language that had made filing in Travis County jurisdictional.

 There is no legal reason for interpreting the venue provision found in section 9A(b)
of the Act as it applies to TWIA any differently than the permissive venue provision in the
Civil Practice and Remedies Code that applies to coverage actions against the private
insurers that comprise its membership.

 Next the majority holds that section 15.005 is somehow governed by the mandatory
venue provisions set out in section 15.004. Tex. Civ. Prac. & Rem. Code § 15.004-.005
(Vernon 2002). I also disagree. I can not express it any better than the trial judge (3):

 Section 15.005 Tex.Civ.Prac.Rem.Code provides that, where multiple
defendants are sued and plaintiff establishes proper venue against a
defendant, the venue is proper as to all defendants. Defendant argues,
however, that the definition of proper venue [set forth in §15.001(b)
Tex.Civ.Prac.Rem.Code] is defined in descending order as venue required
by any mandatory provision or, in absence of such, permissive venue. Thus,
movant seems to argue that, in order for there to be "proper venue" against
a defendant (before Section 15.005 would be applicable), it must be
mandatory venue if there is a mandatory provision applicable to any
defendant.

 Section 15.005, however, establishes that the "proper venue" should
be against "a defendant" not exclusively a defendant that enjoys mandatory
venue. In the instant case, there is no mandatory venue provision as to the
other defendants and, thus, pursuant to Section 15.005(b) "proper venue"
may be anywhere there is permissive venue as to those defendants. 
Significantly, the legislature has specifically stated in instances where the
plaintiff joins multiple claims or causes of action, if one of those claims or
causes of action is subject to a mandatory venue provision, the suit must be
brought in the county required by the mandatory venue provision. See;
Section 15.004 Tex.Civ.Prac.Rem.Code. Conversely, the legislature did not
place any such restriction in 15.005 as it pertains to multiple defendants
(versus multiple claims). Had the legislature sought to mandate that the
mandatory venue provision as to any one defendant would control as to all
defendants, it could have put a similar provision in Section 15.005.

 

 I would deny the mandamus; since the majority holds otherwise, I respectfully 


dissent.





 DON BURGESS

 Justice


Dissent Delivered

October 30, 2003

1. The Supreme Court overruled Mingus v. Wadley "to the extent that it characterized
the plaintiff's failure to establish a statutory prerequisite as jurisdictional." Dubai
Petroleum Co. v. Kazi, 12 S.W.3d 71, 76 (Tex. 2000). Failure to comply with a statutory
requirement affects the plaintiff's right to relief rather than the trial court's subject matter
jurisdiction. Id. at 76-77. 
2. Miller also said the venue provision was "jurisdictional," but see our discussion of
Dubai, footnote 1, infra.
3. Letter dated April 1, 2003.