Cecil J. CHISHOLM, Administrator,
Appellant,

v.

Bewley MILLS, Appellee.

No. 3290.

Court of Civil Appeals of Texas.

Waco.

July 14, 1955.

Rehearing Denied Sept. 23, 1955.

W. L. Eason, Waco, for appellant.

Street & Street, Waco, for appellee.

McDONALD, Chief Justice.

This suit involves the validity of a claim against the estate of W. J. Chisholm, deceased. Parties will be referred to as in the Trial Court. Plaintiff filed application with the County Court, sitting in probate, to require defendant as Administrator of the Estate of W. J. Chisholm, deceased, to sell certain real estate to satisfy plaintiff's claim against the estate. The County Court sustained plaintiff's application and ordered defendant to sell the real estate. Defendant appealed to the District Court, which also granted plaintiff's application. Defendant appeals to this court, contending that plaintiff's claim is invalid.

Plaintiff's claim was based on an unsatisfied judgment which plaintiff had secured against W. J. Chisholm during his lifetime. After W. J. Chisholm's death plaintiff presented the judgment to defendant as Administrator of deceased's estate, for approval as a claim against the estate. Defendant rejected the claim. Plaintiff brought suit on the rejected claim within 90 days and secured judgment establishing such claim on *19 November 1951*. Defendant appealed to this Court of Civil Appeals, which affirmed the judgment of the Trial Court. Chisholm v. Mills, 250 S.W.2d 268, writ ref. Defendant applied to the Supreme Court for a Writ of Error, which the Supreme Court denied (by overruling Application for Rehearing) on *29 October 1952*. Thereafter the Supreme Court notified the Court of Civil Appeals of the denial of a Writ of Error in the case, *and on 15 January 1953 the Court of Civil Appeals issued its mandate to the Trial Court affirming the judgment of the Trial Court. On 27 January 1953 plaintiff filed a certified copy of its judgment with the County Clerk.*

It is defendant's position that plaintiff failed to comply with Article 3523, R.C.S., for which reason the claim is invalid.

Article 3523 R.C.S. provides:

"* * * a certified copy of such judgment shall be filed with the county clerk * * * within thirty days

after the rendition of such judgment * * *."

Defendant contends that the foregoing statute means that a certified copy of the judgment must be filed within 30 days after the judgment was rendered by the Trial Court,—and alternatively, in no event later than within 30 days after such judgment became final by virtue of the Supreme Court's action in denying Application for Writ of Error in the case.

It is our view that defendant's contentions are untenable. To require the filing of a certified copy of the Trial Court's judgment while the case was on appeal would be to require the filing of a certified copy of a judgment which was not final in the sense that it could be certified to and enforced in the Probate Court because an appeal of same was pending. To require litigants to file a certified copy within 30 days after the motion for rehearing had been overruled in the Supreme Court (but before 30 days after mandate had been filed in the Trial Court), as a condition precedent to the validity of the claim, would require litigants and their counsel to be in constant attendance upon the sessions of the Supreme Court, and is obviously unreasonable. See Hinton v. Uvalde Paving Co., Tex.Civ.App., 118 S.W.2d 317, writ ref.

In the case at bar the certified copy of plaintiff's judgment establishing the claim was filed within 30 days after the Appellate Court had issued its mandate notifying the Trial Court that its judgment in the case had become final.

It is our view that the provision of Article 3523 R.C.S., requiring a certified copy of the judgment to be filed with the County Clerk within 30 days after the rendition of such judgment, is fully complied with by filing the certified copy of the judgment with the County Clerk within 30 days after the Appellate Court had issued mandate advising the Trial Court that its judgment had become final.

The judgment of the Trial Court is accordingly affirmed.