CECIL J. CHISHOLM, ADMINISTRATOR, V.
BEWLEY MILLS, A CORPORATION

No. A-5509. Decided February 15, 1956.
Rehearing overruled March 28, 1956.
(287 S.W. 2d Series 943)

*W. L. Eason,* of Waco, for petitioner.

The Court of Civil Appeals erred in overruling and not sustaining petitioner's assignment that since a certified copy of the judgment of the district court was not filed within thirty days after its rendition plaintiff's claim was barred. Also in holding that the thirty day period of time mentioned in Article 3523, revised civil statutes, did not begin to run until the mandate was issued. Knox v. Long, 155 Texas 581, 257 S.W. 2d 289; Linton v. Smith, Com. App. 154 S.W. 2d 643; Mingus v. Wadley, 115 Texas 551, 285 S.W. 2d 1084.

*Street & Street,* of Waco, for respondent.

The portion of Article 3523 of the revised civil statutes to the effect that a certified copy of the judgment of the district court shall be filed with the county clerk within thirty days is directory only, is not mandatory nor is it a statute of limitation, nor does it impose an obligation upon any particular one to do the filing. Burton v. McGuire, Com. App., 41 S.W. 2d 238; Hinton v. Uvalde Paving Co., 118 S.W. 2d 317, 13 Texas Jur. 749.

MR. JUSTICE WALKER delivered the opinion of the Court.

Upon the application of respondent, who asserts a claim against the estate of W. J. Chisholm, deceased, the County Court entered an order directing petitioner, as administrator of the estate, to sell certain real estate to satisfy the claim. Petitioner appealed to the District Court, which also granted respondent's application, and this judgment has been affirmed by the Court of Civil Appeals, 281 S.W. 2d 959. Petitioner contends that the claim is invalid because a certified copy of the judgment establishing same was not filed with the County Clerk within thirty days after its rendition as required by Art. 3523,

Texas Rev. Civ. Stat. 1925. We have concluded that the thirty-day provision of this statute is not mandatory, and that the judgment of the Court of Civil Appeals should be affirmed.

All proceedings in the courts below were completed before the effective date of the Texas Probate Code and are controlled by the statutes as they existed prior to January 1, 1956. Article 3522 authorized the owner of a rejected claim to institute suit for the establishment thereof in a court of competent jurisdiction. Article 3523 then provided that "no execution shall be issued on a judgment obtained in such suit, but a certified copy of such judgment shall be filed with the county clerk of the county where the estate is pending within thirty days after the rendition of such judgment, and entered upon the claim docket, and shall be classified by the county judge, and have the same force and effect as if the amount thereof had been allowed by the executor or administrator, and approved by the county judge."

Respondent's claim, which is based on an unsatisfied judgment rendered against the decedent during his lifetime, was duly presented to and rejected by the administrator. Suit on the rejected claim was instituted in district court within ninety days, and on November 19, 1951, the trial court entered judgment establishing the claim. This judgment was affirmed by the Court of Civil Appeals, and the administrator's application for writ of error was refused by this Court. Chisholm v. Mills, Texas Civ. App., 250 S.W. 2d 268. Motion for rehearing on the application for writ of error was overruled on October 29, 1952. The mandate of the Court of Civil Appeals issued on January 15, 1953, and a certified copy of the judgment was filed with the County Clerk on January 27, 1953. The claim was thereafter entered on the Claim Docket and classified by the County Judge. The Court of Civil Appeals concluded that the statutory requirement was satisfied by filing the certified copy within thirty days after the issuance of its mandate in the former action.

Petitioner argues that the thirty-day provision of Art. 3523 is mandatory, and that respondent's claim is barred because a certified copy of the judgment was not filed with the County Clerk within thirty days after the judgment was rendered by the trial court, and in any event because the same was not filed within thirty days after the judgment was made final by the overruling of the motion for rehearing on the application for writ of error. No contention is made that anyone has been prejudiced or inconvenienced by the delay in filing the judgment.

Respondent cites Hinton v. Uvalde Paving Co., Texas Civ. App., 118 S.W. 2d 317, writ ref., which is similar in many respects to the present case. The administrator there argued that the claim was barred because the judgment establishing same was not filed in the probate court within thirty days after its rendition by the trial court. This contention was overruled upon the theory that the judgment was not final in the sense that it could be certified to and enforced by the probate court so long as an appeal therefrom was pending. So far as we can determine from the application for writ of error in that case, no contention was made that the judgment should have been filed within thirty days after it became final upon disposition of the appeal therefrom, and we do not regard the case as decisive of that question. As we view the present case, however, it is not necessary for us to decide that question or determine whether the reasoning of the Court of Civil Appeals is correct.

■ There is no absolute test by which it may be determined whether a statutory provision is mandatory or directory. The fundamental rule is to ascertain and give effect to the legislative intent. Although the word "shall" is generally construed to be mandatory, it may be and frequently is held to be merely directory. In determining whether the Legislature intended the particular provision to be mandatory or merely directory, consideration should be given to the entire act, its nature and object, and the consequences that would follow from each construction. Provisions which are not of the essence of the thing to be done, but which are included for the purpose of promoting the proper, orderly and prompt conduct of business, are not generally regarded as mandatory. If the statute directs, authorizes or commands an act to be done within a certain time, the absence of words restraining the doing thereof afterwards or stating the consequences of failure to act within the time specified, may be considered as a circumstance tending to support a directory construction. See Thomas v. Groebl, 147 Texas 70, 212 S.W. 2d 625; Markowsky v. Newman, 134 Texas 440, 136 S.W. 2d 808; Sutherland, Statutory Construction, 3rd Ed. 1943, Vol. 3, p. 95, Sec. 5813 et seq.; 82 C.J.S. 869, Sec. 376, et seq.

Article 3523 does not provide, either expressly or by necessary implication, that the claim will be barred if the judgment is not filed with the county clerk within thirty days. The significance of this circumstance becomes apparent when we consider the other provisions of Chap. 18, Title 54, of our statutes. In a number of instances the Legislature has spelled out in no

uncertain terms the legal consequences of failure to perform an act within a specified time. Article 3511 provides that claims for funeral expenses and expenses of last illness shall be presented within sixty days after the original grant of letters "or the exempted property set apart * * * or allowances * * * shall no longer be liable to the payment" thereof. Article 3515a Vernon's Civil Stat., stipulates that if a secured claim is not presented within the time provided by law, it shall be treated as a preferred debt and lien against the specific property securing same, and the other assets of the estate shall not be liable therefor. By the express provisions of Art. 3522, suit to establish a rejected claim may be brought within ninety days after the rejection, "and not thereafter." Article 3526 requires that the claim of an executor or administrator against his testator or intestate shall be filed within six months after he has qualified "or such claim shall be barred." It is reasonable to believe, therefore, that if the Legislature had intended that a claim established by judgment should be barred if not filed within thirty days as required by Art. 3523, it would have expressly so stated.

By the terms of Arts. 3509 and 3518, a creditor who does not present and file his unsecured claim within one year is subject to no penalty other than the postponement of his claim in favor of creditors who comply with these articles. Even if the claimant delays until after an order of partition and distribution has been entered, he still has an action against the distributees under and in accordance with the provisions of Art. 3529. We cannot believe, therefore, that the Legislature intended that a creditor who has been put to the trouble and expense of a law suit, and whose claim has been established by the judgment of a court of competent jurisdiction, should be forever barred if he simply fails to file his judgment in thirty days. The opinion in Manning v. Mayes, 79 Texas 653, 15 S.W. 638, which holds that Art. 3523 has no application to a claim for court costs adjudged against an administrator in a partition suit, indicates that the court then entertained the view we have just expressed.

■ The predecessor of Art. 3523 was enacted in 1876 as part of a comprehensive law regulating the adminitsration of estates of decedents. Acts. 1876, p. 93; Gammel, Laws of Texas, Vol. 8, p. 929. Section 63 of this Act simply provided that "no execution shall issue on a judgment obtained by the plaintiff in any such suit, but such judgment shall have the same force and effect as if the amount thereof had been allowed by the executor and administrator and approved by the county judge."

The requirement that a certified copy of the judgment be filed with the county clerk within thirty days and entered on the claim docket and classified by the county judge was added in 1879, at which time the language of Art. 3523 quoted above was adopted. Article 2029, Texas Rev. Civ. Stat. 1879.

After a claim has been established by judgment, the executor or administrator is fully informed of the nature and amount thereof, and there can be no question of its justness. Neither allowance by the executor or administrator nor approval by the county judge is necessary. It only remains for the claim to be filed and entered on the claim docket and classified by the county judge, but this was not expressly required by the 1876 statute. We think the real and substantial purpose of the Legislature in adding the language to the statute in 1879 was to provide for the filing of a certified copy of the judgment, the entry of the claim on the docket and the classification thereof by the county judge. That is the essence of the thing to be done. The requirement that the judgment be filed within thirty days was included merely to promote the prompt and orderly conduct of the administration.

Petitioner argues that if the judgment is not filed within thirty days, the probate court would have no means of knowing of the claim, and the executor or administrator might be unduly delayed in closing the estate. We do not agree. The executor or administrator would be expected to advise the probate court of the judgment whenever the information was material to any action contemplated by the court, and under the provisions of Art. 3320 it would be his duty to set out the facts in each annual account. Neither Art. 3523 nor Rule 313 provides that the certified copy may be filed only by the owner of the claim. When the validity of the claim has been established by judgment, the executor or administrator has an interest in the proper classification and prompt payment thereof to the extent the assets of the estate will permit. If he wishes to close the estate before the judgment has been filed by either the district clerk or the owner of the claim, he is at liberty to obtain and file a certified copy and request the county judge to classify the same.

We hold that the thirty-day provision of Art. 3523 is merely directory, and that failure to file a certified copy of the judgment within that period will not, of itself, bar an otherwise valid claim.

The judgment of the Court of Civil Appeals is affirmed.

Opinion delivered February 15, 1956.

Rehearing overruled March 28, 1956.