

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

*Superseded By*
*art. 29-d V.C.S.*

April 12, 1961

Honorable Ted Schulz
County Attorney
Fort Bend County
Richmond, Texas

Opinion No. WW-1038

Re: Whether a person who refuses on
February 1, 1961 to answer the
census trustee as to a child
under his control and who is
within the prescribed age, is
subject to be prosecuted for
such failure under the pro-
visions of Article 294 of
Vernon's Penal Code

Dear Mr. Schulz:

You have requested the opinion of this office as to whether the re-
fusal of a person to enumerate his eligible children for school census
purposes on February 1, 1961, can form the basis of a criminal prosecution
for violation of Article 294, Vernon's Penal Code.

Article 294, Vernon's Penal Code, reads as follows:

"Every person having control of any child which
will be over seven and under seventeen years of age
on the first of September next thereafter and who,
being requested by the census trustee to prepare the
form prescribed by law giving the information showing
the name, sex and date of birth of each child of which
he has control and which is within said ages, or to
give the information necessary to enable the trustee
to prepare the same, shall refuse to do so, or shall
refuse to make oath to such form when filled according
to his statement of facts in regard to said children,
or shall fail to return the form left at his home in
his absence to the census trustee as required by law,
shall be fined not less than five nor more than ten
dollars."

There is nothing in Article 294 which limits its operation to the
month of January, and if there be such a limitation it must occur else-
where in the statutes. That portion of our laws dealing with the taking
of the school census is enumerated in Article 2816, Vernon's Civil Statutes,
which reads in relevant part as follows:

"The census trustee, between the first day of January
and the first day of February after his appointment,

> shall take a census of all children that will be over
> six and under eighteen years of age on the first day
> of the following September, and who are residents of
> the school district on said first day of February."

If Article 2816 were intended by the Legislature to operate as a limitation on Article 294 of the Penal Code, then it would be necessary to determine that the use of the word "between" was intended as exclusive of the enumerated boundary dates.

In the view we take of the question presented by your request, the determination of this matter will not be necessary.

The use of the word "shall" is usually mandatory when used in statutes, Brinkley v. State, 320 S.W.2d 855 (Tex. Crim. 1959), but our Supreme Court has held in a long line of decisions that this word must be considered in the light of the remainder of the statute and the intent of the legislature. Chisolm v. Bewley Mills, 155 Tex. 400, 287 S.W.2d 943 (1956); Thomas v. Groebl, 147 Tex. 70, 212 S.W.2d 625 (1948); Markosky v. Newman, 134 Tex. 440, 136 S.W.2d 808 (1940); Federal Crude Oil Co. v. Yount-Lee Oil Co., 122 Tex. 21, 52 S.W.2d 56 (1932).

Approximately one quarter of the funds expended on primary and secondary public education in this state comes out of the state treasury and is distributed among the several school districts according to the results of the school census. Without the basic information derived from the census, this distribution of funds would fall into chaos and confusion. For this reason, the Legislature must have intended their words, "The census trustee, between the first day of January and the first day of February . . . shall take a census . . ." to be directory only and not mandatory, because the contrary interpretation could leave an unfinished census with no means of completion. For the same reason we conclude that the sanctions imposed by Article 294, Vernon's Penal Code, are as valid on the first day of February as they would be on any day in January, and that a prosecution based on the refusal of a person to answer the questionaire of the census trustee on the first day of February, would be a proper one.

## SUMMARY

A person who refuses on February 1, 1961 to answer the census trustee as to a child under his control and who is within the prescribed age, is subject to be prosecuted for such failure under the provisions of Article 294 of Vernon's Penal Code.

Very truly yours,

WILL WILSON
Attorney General of Texas

By
    John E. Leonarz
    Assistant Attorney General

JEL:br

APPROVED:

OPINION COMMITTEE
W. V. GEPPERT, Chairman

W. Ray Scruggs
Maston Courtney
Linward Shivers

REVIEWED FOR THE ATTORNEY GENERAL
BY: Morgan Nesbitt