

# THE ATTORNEY GENERAL

## OF TEXAS

**CRAWFORD C. MARTIN**
**ATTORNEY GENERAL**

AUSTIN, TEXAS 78711

September 10, 1970

Honorable Bruce Gibson
Commissioner
Credit Union Department
900 Congress Avenue
Austin, Texas 78701

Opinion No. M-688

Re: Questions relative to whether the duties set forth in Article 2461, Sec. 12(b), (17), Vernon's Civil Statutes, are mandatory or permissive.

Dear Mr. Gibson:

Reference is made to your letter in which you request an opinion from this office as to the captioned matter. We quote from your letter, in part, as follows:

"Following the recodification of the Credit Union Laws of Texas which became effective May 13, 1969, various Credit Unions under this Department's supervision have expressed concern as to the legal intent of a particular duty of the Board of Directors of their Credit Unions."

You then request our opinion to the following questions:

(1) Is the duty set out under Articles 2461-12(b) and 2461-17, V. C. S., permissive or mandatory? This is a new provision in the current Act and, if mandatory, could result in a distinct hardship on many of the smaller credit unions.

(2) If the answer to (1) above is 'permissive' then are any of the subsections of Article 2461-12(b) also permissive?

(3) If the answer to (1) above is 'mandatory' then are any of the subsections of Article 2461-12(b) also mandatory?

-3309-

It is noted that Article 2461-12, Vernon's Civil Statutes, the Credit Union Act, pertains to the board of directors of credit union organizations. It is comprised of two subsections, with subsection (a) providing as follows:

"The board of directors shall have the general direction of the affairs, funds, and records of the Credit Union and shall meet as often as necessary, but not less than once each month."

Subsection (b) provides:

"It shall be the special duty of the directors to:. . ."

Following this introductory language are the enumerated special duties of the board of directors, nineteen in number. Your questions as heretofore quoted relate to these nineteen special duties of the board of directors and can be thusly stated: Are these nineteen special duties of the board of directors as enumerated in Article 2461-12(b) mandatory or permissive?

"There is no universal rule or absolute test by which directory provisions in a statute may in all circumstances be distinguished from those which are mandatory. However, in the determination of this question, as of every other question of statutory construction, the prime object is to ascertain the legislative intent." 82 C.J.S. 869, Statutes, Section 376.

The crucial test necessarily requires the proper construction of the phrase, "It shall be the special duty," and more specifically, the word "shall."

The Supreme Court of Texas, in the case of Chisholm v. Bewley Mills, 287 S.W. 2d 943, (Tex. Sup. 1956), observed the following when confronted with our particular question.

"There is no absolute test by which it may be determined whether a statutory provision is mandatory or directory. The fundamental rule is to ascertain and give effect to the legislative intent. Although the word 'shall' is generally construed to be mandatory, it may be and frequently is held to be merely directory. In determining whether the Legislature

intended the particular provision to be mandatory or merely directory, consideration should be given to the entire act, its nature and object, and the consequences that would follow from each construction. Provisions which are not of the essence of the thing to be done, but which are included for the purpose of promoting the proper, orderly and prompt conduct of business, are not generally regarded as mandatory."

Applying this fundamental rule as laid down by the Supreme Court of Texas to the nineteen special duties of Article 2461-12(b), we reach the following conclusions:  Article 2461-12(b), Subsections (1), (2), (3), (4), (5), (8), (10), (12) and (13) are deemed by this office to be mandatory provisions.  Article 2461-12(b), Subsections (6), (7), (9), (11), (14), (15), (16), (17), (18) and (19) appear to be permissive or directory provisions, but could be considered mandatory under some particular facts and circumstances.

The mandatory provisions read, in part, as follows:

"(1)  act upon applications for membership. . .

"(2)  purchase a blanket fidelity bond. . .

"(3)  determine from time to time the rate(s) of interest which shall be charged on loans. . .

"(4)  declare dividends (if any) in the way and manner as provided by the bylaws. . . (parenthesis ours)

"(5)  determine the rate(s) of interest to be paid on deposits. . .

"(8)  fix from time to time the maximum amount. . . which may be loaned to any member. . .

"(10) authorize the employment and compensation of such person. . .as may be necessary to carry on the business of the credit union;

"(12) authorize the borrowing or lending of money to carry on the functions of the credit unions;

"(13) designate a depository or depositories for the funds of the credit union."

The permissive or directory provisions involving the exercise of judgment or discretion under the factual situation

presented read, in part, as follows:

"(6)   limit the number of shares which may
       be owned by a member. . .

"(7)   fill vacancies occurring between annual
       meetings on a board of directors, credit
       committee, and audit committee. . .

"(9)   authorize the investment of funds of the
       credit union. . .

"(11)  authorize the conveyance of property;

"(14)  upon two-thirds approval, the board of
       directors may replace any or all members
       of the audit committee for failure to
       perform their duties until the next
       members' meeting. . .

"(15)  authorize and provide for the compensation
       of auditing assistance requested by the
       audit committee;

"(16)  suspend from his official position any
       officer or director who fails to attend
       regular meetings. . .or who otherwise
       fails to perform any of the duties re-
       quired of him as an official;

"(17)  appoint from its own number an executive
       committee to exercise such authority as
       may be delegated to it by the board of
       directors between meetings of the board
       of directors;

"(18)  perform or authorize any action consistent
       with this Act not specifically reserved. . .
       for the members, and perform such other
       duties as the members may time to time
       require;

"(19)  appoint any committees deemed necessary. . ."

        Considering the purpose of each mandatory provision, it
is our opinion these words when read with the prefatory language
of the Article, "It shall be the special duty of the directors to",
are an indication the Legislature meant such duties of the Board
of Directors to be of an imperative nature.  Pursuant to the lan-
guage of Chisholm v. Bewley Mills, supra, these provisions are of
the essence of the thing to be done.

The permissive or directory provisions, i.e., Article 2461-12(b), Subsections (6), (7), (9), (10), (11), (12), (14) (15), (16), (17), (18) and (19) reflect a legislative intent to confer upon the board of directors a measure of discretion as to when, where and how such authority should be exercised; and depending upon the particular facts presented they may be considered either permissive or mandatory. See Chisholm v. Bewley Mills, supra. Also, the case of Prosper Independent School District v. Collin County School Trustees, 51 S.W. 2d 748 (Tex. Civ. App. 1932, aff. Com. App., 58 S.W. 2d 5), should be noted as to the following observation:

> ". . .Generally, the lodging of author-
> ity in any designated board or form carries
> with it the right of such board or form to
> determine whether a proper case has arisen
> for the exercise of such power. . ."

It is noted that while in this case a writ of error was granted and the judgment of the Court of Civil Appeals was affirmed, the opinion did not discuss the point under consideration.

It is important to observe that a statutory provision may be permissive as to some matters and mandatory as to others, as pointed out in 50 American Jurisprudence 39, Statutes, Section 18:

> "There are even provisions which have
> been regarded as mandatory when involved in
> some proceedings, and directory when involved
> in others, or mandatory under some circumstances
> and directory under other circumstances."

Since we have been presented no facts or circumstances, our opinion cannot be construed as determining the proper characterization of the statutory provisions under any and all circumstances or as applied to the facts of a particular case. The question of the construction of statutory provisions as they may involved the "protection of third persons" must sometimes be considered; also, whether any "substantial rights depend on compliance with the particular provisions and no injury can result from ignoring them," and whether "the legislative intent can be accomplished in a manner other than that prescribed with substantially the same results." Such factors are sometimes a necessary part of statutory construction and must be applied to the facts of a particular case. See State v. Frisby, 108 N.W. 2d 769, 773 (Minn. Sup. 1961).

## SUMMARY

1) Article 2461-12(b), Subsections (1), (2), (3), (4), (5), (8), (10), (12) and (13), V.C.S., known as the Credit Union Act, are mandatory provisions on the board of directors of credit union organizations.

2) Article 2461-12(b), Subsections (6), (7), (9), (11), (14), (15), (16), (17), (18) and (19), V.C.S., of the above Act, depending upon the facts presented may be mandatory or permissive provisions on the board of directors of credit union organizations.

3) A characterization cannot be made under all facts and circumstances, and the facts and circumstances will sometimes be determinative of a particular statutory construction.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Ray McGregor
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Jim Swearingen
James Quick
Jack Goodman
Jack Sparks

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant