In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-497 CV


____________________



DALE JOSEPH SULLIVAN, Appellant



V.



TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee






On Appeal from the County Court at Law


Orange County, Texas


Trial Cause No. 14587






OPINION


 The Texas Department of Public Safety (DPS) notified Dale Joseph Sullivan it had
revoked his license to carry a concealed handgun. On October 17, 2000, Sullivan
requested a hearing pursuant to Tex. Gov't Code Ann. §§ 411.180, 411.186 (Vernon
Supp. 2003). On February 6, 2001, DPS filed a petition for administrative hearing. A
hearing was held on February 27, 2001. The Orange County Justice Court for Precinct
2, reversed DPS's action, stating the revocation was not supported by a preponderance of
the evidence and the hearing was not held within 60 days in accordance with Section
411.180 (b) of the Texas Government Code. (1) DPS appealed to County Court at Law of
Orange County, Texas and a hearing was held June 28, 2001. The trial court affirmed the
revocation. Raising two issues, Sullivan appeals the trial court's order.

 Sullivan contends the County Court at Law lacked jurisdiction over DPS's appeal
because DPS failed to meet the deadlines imposed by Section 411.180 (b). Sullivan further
argues the deadlines set forth in Section 411.180 (b) are mandatory, not directory,
therefore DPS was not allowed to proceed after the passing of the deadline.

 Section 411.180 is entitled, "Notification of Denial, Revocation, or Suspension of
License; Review." The subsections pertinent to this appeal are reproduced as follows:

 (a) The department shall give written notice to each applicant for a
handgun license of any denial, revocation, or suspension of that license. Not
later than the 30th day after the notice is received by the applicant, according
to the records of the department, the applicant or license holder may request
a hearing on the denial, revocation, or suspension. . . . On receipt of a
request for hearing from a license holder or applicant, the department shall
promptly schedule a hearing in the appropriate justice court in the county of
residence of the applicant or license holder. The justice court shall conduct
a hearing to review the denial, revocation, or suspension of the license. In
a proceeding under this section, a justice of the peace shall act as an
administrative hearing officer. A hearing under this section is not subject to
Chapter 2001 (Administrative Procedure Act). . . .

 

 (b) The department, on receipt of a request for hearing, shall file the
appropriate petition in the justice court selected for the hearing and send a
copy of that petition to the applicant or license holder at the address
contained in departmental records. A hearing under this section must be
scheduled within 30 days of receipt of the request for a hearing. The hearing
shall be held expeditiously but in no event more than 60 days after the date
that the applicant or license holder requested the hearing. The date of the
hearing may be reset on the motion of either party, by agreement of the
parties, or by the court as necessary to accommodate the court's docket. 


 (c) The justice court shall determine if the denial, revocation, or
suspension is supported by a preponderance of the evidence. Both the
applicant or license holder and the department may present evidence. The
court shall affirm the denial, revocation, or suspension if the court
determines that denial, revocation, or suspension is supported by a
preponderance of the evidence. If the court determines that the denial,
revocation, or suspension is not supported by a preponderance of the
evidence, the court shall order the department to immediately issue or return
the license to the applicant or license holder.


 . . . .


 (e) A party adversely affected by the court's ruling following a hearing
under this section may appeal the ruling by filing within 30 days after the
ruling a petition in a county court at law in the county in which the applicant
or license holder resides or, if there is no county court at law in the county,
in the county court of the county. . . . The trial on appeal shall be a trial de
novo without a jury. . . . 


 Because we believe this appeal turns on an understanding of the doctrines of
"primary vs. exclusive" jurisdiction vis-a-vis the administrative agency/judicial review
dynamic, a brief description of each doctrine is in order. An agency has "exclusive"
jurisdiction when the Legislature gives the agency alone the authority to make the initial
determination in a dispute. See Cash America Int'l Inc. v. Bennett, 35 S.W.3d 12, 15
(Tex. 2000). When the Legislature vests exclusive jurisdiction in an agency, exhaustion
of administrative remedies is required. Id. Exhaustion of remedies is designed primarily
to control the timing of judicial relief from adjudicative action of an agency. Id. 
Exhaustion of remedies requires a party in an administrative proceeding to await that
proceeding's completion, thereby securing all available administrative relief before seeking
judicial review of the agency's action. Id. When exhaustion is required, courts may
review the administrative action only at the time and in the manner designated by statute. 
Id.

 "Primary" jurisdiction is an administrative law doctrine that arises when a court and
an agency have concurrent original jurisdiction over a dispute. Id. at 18. In such a case,
courts must ask whether the policies underlying the primary jurisdiction doctrine require
the court to defer to the agency's expertise and responsibility to develop regulatory policy. 
Id. The primary jurisdiction doctrine requires courts to defer to the administrative agency
only when the claim's enforcement requires the resolution of issues that are "within the
special competence of an administrative body. . . ." See Southwestern Bell Tel. Co. v.
Public Util. Comm'n of Texas, 735 S.W.2d 663, 669-70 n.3 (Tex. App.--Austin 1987, no
writ)(quoting United States v. Western Pac. R.R. Co., 352 U.S. 59, 63-65, 77 S.Ct. 161,
1 L.Ed.2d 126 (1956)). 

 In the instant case, the provisions of Section 411.180 can be characterized as a
"species" of the "exclusive vs. primary" jurisdiction doctrine. There is the initial decision
by the "agency" (Department of Public Safety) but initial review of the "agency's"
decision is not by Department personnel, but by a justice of the peace "act[ing] as an
administrative hearing officer." Furthermore, while the general rule is that judicial review
of an "agency's" determination is limited to the reviewing court sitting in an appellate
capacity and forbidden to substitute its judgment for that of the "agency," see
Administrative Procedure Act, Tex. Gov't Code Ann. § 2001.174 (Vernon 2000),
Section 411.180 explicitly provides that the Administrative Procedure Act provisions are
not applicable, and also explicitly provides that "review" on the county court at law level
is to be a trial de novo without a jury.

 Because of the somewhat unique provisions contained in Section 411.180, we see
each "level" of review of the Department's initial denial, revocation, or suspension to have
its own exclusivity. For example, Section 411.180(a), (b), and (c) set out requirements
exclusive to securing an administrative hearing by the licensee or applicant upon notice
from the Department's denial, revocation, or suspension of the concealed handgun license. 
In the instant case, the ruling by the administrative hearing officer was somewhat
confusing in that it appears to be denying its own authority to act while at the same time
issuing the substantive ruling that the Department's revocation was not supported by a
preponderance of the evidence. At any rate, once this ruling was handed down by the
administrative hearing officer, the "party adversely affected" was entitled to a trial de novo
in the appropriate county court or county court at law so long as said party "fil[ed] within
30 days after the ruling a petition" in said appropriate county court. The Department's
"appeal" to the County Court at Law of Orange County was timely, thus vesting
jurisdiction in said court to conduct a trial de novo on the revocation of Sullivan's license. 
Based upon the clear language set out in Section 411.180(e), this jurisdiction was exclusive
to the County Court at Law. Therefore, because the County Court at Law was authorized
by the Legislature to determine the propriety of the revocation of Sullivan's license de
novo, the fact that the administrative hearing officer may have ruled that it was without
jurisdiction because of the lateness of the hearing date is of absolutely no consequence. 
In Key Western Life Ins. Co. v. State Bd. of Ins., 163 Tex. 11, 350 S.W.2d 839, 846
(1961), the Supreme Court noted the following with regard to trial de novo:

 . . . Review by trial de novo has all the attributes of an original action in
the reviewing court. The trial court must weigh the evidence by the
"preponderance of the evidence" standard. Trial de novo has been defined
as "A new trial or retrial had in an appellate court in which the whole case
is gone into as if no trial whatever had been had in the court below." 


Trial de novo, therefore, is not an "appeal," but is a new and independent action. See
GATX Terminals Corp. v. Rylander, 78 S.W.3d 630, 634 (Tex. App.--Austin 2002, no
pet.). 

 In the instant case, it is clear that the parties had exhausted the administrative
process as set out in Section 411.180(a), (b), and (c) for review of the propriety of the
Department's revocation of Sullivan's license. Exclusive jurisdiction was vested in the
administrative hearing officer for this preliminary review per subsections (a), (b), and (c)
of Section 411.180. Thereafter, the adversely affected party, the Department, timely and
properly initiated proceedings in the County Court at Law in Orange County per the
provisions of Section 411.180(e). This invoked the exclusive and independent jurisdiction
of the County Court at Law and permitted said court to conduct a trial de novo on the issue
of the propriety of the license revocation. The trial judge in the County Court at Law was
not limited to what evidence was presented to the administrative hearing officer nor was
the trial judge restricted by any previous findings or rulings of the administrative hearing
officer. We therefore overrule both of Sullivan's appellate issues. The judgment of the
trial court affirming the license revocation is affirmed.

 AFFIRMED.



 ______________________________

 RONALD L. WALKER

 Chief Justice


Submitted on May 27, 2002

Opinion Delivered December 19, 2002

Publish 


Before Walker, C.J., Burgess and Gaultney, JJ.



DISSENTING OPINION



 I respectfully dissent. The majority decides this case based upon the "primary vs.
exclusive" jurisdiction doctrine, vis a vis, administrative and judicial review. Even under
the majority's flawed analysis, they reach the wrong conclusion. If the legislature meant
for the expertise of the administrative hearing in the Justice Court to be paramount, then
the 60 day deadline is mandatory as to the exhaustion of administrative remedies. 
Consequently, the failure to meet the deadline, when viewed as a failure to exhaust
administrative remedies, deprives the County Court at Law of jurisdiction to hear the
appeal as a trial de novo.

 However, I believe the case should be analyzed as argued by Sullivan. It is well-settled that a statute such as the one sought to be construed in the present case is
mandatory, not directory. In State v. Fox, 133 S.W.2d 987, 990 (Tex. Civ. App.--Austin
1939, writ ref'd) (emphasis added), the court noted:

 The general rule relating to the construction of statutory law
prescribing the time for the performance of the duties of public officials is
well stated in 46 C.J. 1037, § 306, as follows: "As a rule a statute
prescribing the time within which public officers are required to perform an
official act is merely directory, unless it denies the exercise of the power
after such time or the nature of the act or the statutory remedy shows that the
time was intended as a limitation."

 Mr. Sutherland, at page 1117, § 612, of his book on Statutory
Construction, also states the rule to be as follows: "Provisions regulating the
duties of public officers and specifying the time for their performance are in
that regard generally directory. Though a statute directs a thing to be done
at a particular time, it does not necessarily follow that it may not be done
afterwards. In other words, as the cases universally hold, a statute
specifying a time within which a public officer is to perform an official act
regarding the rights and duties of others is directory, unless the nature of the
act to be performed, or the phraseology of the statute, is such that the
designation of time must be considered as a limitation of the power of the
officer."


The Supreme Court of Texas acknowledged the continued soundness of Fox in the far more
recent case of Schepps v. Presbyterian Hosp. of Dallas, 652 S.W.2d 934 (Tex. 1983). In
Schepps,, 652 S.W.2d at 936, the court quotes Chisholm v. Bewley Mills, 155 Tex. 400,
287 S.W.2d 943, 945 (1956), for the general guidelines to determine whether a statutory
provision is mandatory or directory:

 There is no absolute test by which it may be determined whether a
statutory provision is mandatory or directory. . . . If the statute directs,
authorizes or commands an act to be done within a certain time, the absence
of words restraining the doing thereof afterwards or stating the consequences
of failure to act within the time specified, may be considered as a
circumstance tending to support a directory construction.


See also Texas Dept. of Public Safety v. Guerra, 970 S.W.2d 645, 648 (Tex. App.--
Austin 1998, pet. denied) (quoting Chisholm, 287 S.W.2d at 945). More recently, in
Helena Chemical Co. v. Wilkins, 47 S.W.3d 486, 495 (Tex. 2001), the court noted, "[t]o
determine whether a timing provision is mandatory, we first look to whether the statute
contains a noncompliance penalty. If a provision requires that an act be performed within
a certain time without any words restraining the act's performance after that time, the
timing provision is usually directory." 

 Unlike the cases cited by DPS, Guerra, 970 S.W.2d at 645, Balkum v. Texas Dep't
of Public Safety, 33 S.W.3d 263 (Tex. App.--El Paso 2000, no pet.), Texas Dep't of
Public Safety v. Dear, 999 S.W.2d 148 (Tex. App.--Austin 1999, no pet.), and Texas
Dep't of Public Safety v. Salas, 977 S.W.2d 845 (Tex. App.--Austin 1998, no pet.), the
statute here provides the hearing shall be held "in no event more than 60 days after the date
that the applicant or license holder requested the hearing." Tex. Gov't Code Ann. §
411.180 (b) (Vernon Supp. 2003) (emphasis added). These are words which restrain "the
doing thereof afterwards." Chisholm, 287 S.W.2d at 945. Accordingly, they are not
directory, but mandatory. 

 The statute goes further and proscribes application of the Administrative Procedures
Act to a hearing under section 411.180. See Tex. Gov't Code Ann. § 411.180 (a)
(Vernon Supp. 2003). The legislature had several models from which to select a statutory
scheme but chose to craft a unique procedure for revocation of handgun licenses. (2) It is not
for this court to disregard the legislature's choice that the statute be mandatory.

 The court in Helena Chem. Co. noted "[e]ven if a statutory requirement is
mandatory, this does not mean that compliance is necessarily jurisdictional. When a
statute is silent about the consequences of noncompliance, we look to the statute's purpose
to determine the proper consequences." See Helena Chemical Co., 47 S.W.3d at 494
(citations omitted). The statute in this case expressly proscribes performance of the act
after the sixty-day time period. The statute therefore provides the penalty for
noncompliance - the hearing cannot be held. Accordingly, I would hold the statute is not
directory, but mandatory, and failure to comply is jurisdictional. See Helena Chem. Co.,
47 S.W.3d at 495. Consequently, I would sustain issues one and two.

 Having found the statute is mandatory and its requirements are jurisdictional, I
would conclude the County Court at Law should have dismissed DPS' appeal. 
Accordingly, I would reverse the judgment of the County Court at Law of Orange County,
Texas and render in favor of Sullivan.





 DON BURGESS

 Justice


Dissent Delivered

December 19, 2002

Publish

1. Although the Justice Court's order of March 7, 2001, is not part of the appellate
record before this court, it is included as an appendix to appellant's brief. Appellee quotes
from the order and does not dispute the authenticity of the appendix.
2. The issue of "Right to Carry" was hotly debated in political and legislative circles.
It is certainly consistent that the legislature would prescribe specific, mandatory
requirements when the government (DPS) was attempting to take away this "Right."