TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-10-00677-CV






TJFA, L.P., Appellant


v.


Texas Commission on Environmental Quality and

BFI Waste Systems of North America, Inc., Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT

NO. D-1-GN-09-004062, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING





C O N C U R R I N G A N D D I S S E N T I N G O P I N I O N

 While I agree that the failure to effectuate service within the deadline for service set
forth in subsection 361.321(c) of the health and safety code is not jurisdictional, I disagree with the
majority's conclusion that the service deadline is mandatory. See Tex. Health & Safety Code Ann.
§ 361.321(c) (West 2010). Because I would instead conclude that the statutory service deadline is
directory and that dismissal is not required when the plaintiff demonstrates that the substantial
purpose of the statute is met and the Commission is not prejudiced by the delay, I respectfully dissent.

 A statutory provision is directory if it promotes the "proper, orderly, and prompt
conduct of business." Chisholm v. Bewley Mills, 287 S.W.2d 943, 945 (Tex. 1956). Conversely,
courts construe a statutory provision as mandatory when the power or duty to which it relates is for
the public good. Albertson's, Inc. v. Sinclair, 984 S.W.2d 958, 961 (Tex. 1999). As the majority
correctly points out, there is no "absolute test" to determine whether a statutory provision is mandatory
or directory. See Chisholm, 287 S.W.2d at 945. To determine whether the legislature intended
a provision to be mandatory or directory, we consider the plain meaning of the words used, as
well as the entire act, its nature and object, and the consequences that would follow from each
construction. See Helena Chem. Co. v. Wilkins, 47 S.W.3d 486, 494 (Tex. 2001); Texas Mut. Ins.
Co. v. Vista Cmty. Med. Ctr., 275 S.W.3d 538, 552 (Tex. App.--Austin 2008, pet. denied). In light
of these considerations, I would conclude that the service deadline set forth in subsection 361.321(c)
is directory.

 Turning first to the plain meaning of the words used, the statutory provision at issue
directs that service "must" be made within thirty days but fails to specify the proper consequences for
noncompliance. Thus, the plain language of the provision itself fails to establish that the deadline is
mandatory. See Helena Chem. Co., 47 S.W.3d at 493 (noting that word "must" is given mandatory
meaning when followed by noncompliance penalty). Generally a provision is treated as directory
if it requires that an act be performed within a certain time but does not specify the consequences
for noncompliance; however, this conclusion is not automatic. Chisholm, 287 S.W.2d at 945; see
Edwards Aquifer Auth. v. Chemical Lime, Ltd., 291 S.W.3d 392, 404 (Tex. 2009). Therefore, we
must examine the nature and object of the statute to determine the legislature's intent. See Texas
Mut. Ins. Co., 275 S.W.3d at 552.

 As the majority concedes, and I agree, the statute in this case is designed to allow for
judicial review of determinations made by the Commission. I also agree that the legislature has
simultaneously demonstrated an "intent to promote the quick resolution of appeals of decisions by
the Commission and to promote the finality of the Commission's actions." However, the majority
relies in part on the fact that the statute operates as a waiver of sovereign immunity, a jurisdictional
issue, to conclude that the service deadline was intended to do more than promote "the proper,
orderly and prompt conduct of business." Based on the nature and objective of the statute, I disagree.

 The purpose of service of citation generally is to give the court jurisdiction over the
parties and to provide notice to the defendant that it has been sued. TAC Americas, Inc. v. Boothe,
94 S.W.3d 315, 319 (Tex. App.--Austin 2002, no pet.). Notice by service thereby gives the defendant
a chance to answer and defend the lawsuit. (1) Id. There is no indication that the legislature intended
for service of citation to promote a purpose other than notice of the suit against the Commission.
By including a statutory deadline in which to effectuate service, the legislature has indicated an
intention to minimize delays in service beyond thirty days. Because the deadline concerns prompt
notice and the quick resolution of judicial review, it thereby serves to promote the "proper, orderly,
and prompt conduct of business." Chisholm, 287 S.W.2d at 945. Accordingly, I would conclude
that the service deadline presented in subsection 361.321(c) is directory.

 A conclusion that the service deadline is directory is especially compelling when
we consider the consequences of the interpretation urged by the majority. Under the majority's
interpretation, any delay in service of citation for any reason would result in dismissal of the case.
This result is particularly harsh given the relatively short deadline for service and the fact that service
may be delayed by circumstances outside the control of the plaintiff. Cf. Texas Dep't of Pub. Safety
v. Guerra, 970 S.W.2d 645, 649 (holding that statutory requirement that hearing be held within forty
days is directory, and noting that it would be unreasonable to punish plaintiff for acts that are not
within its control). I do not believe that the service deadline was "intended to create a procedural
trap allowing the [Commission] to obtain dismissal" when service has been diligently pursued
and the Commission has not been prejudiced by the delay. See Roccaforte v. Jefferson Cnty.,
341 S.W.3d 919, 926-27 (Tex. 2011) (explaining that noncompliance with statutory requirement that
notice must be mailed to county officials within 30 days of filing of suit did not require dismissal
when notice was instead hand-delivered, despite provision requiring dismissal for failure to give
notice "as required").

 Having determined that the service deadline is directory, we next determine the
proper consequences for TJFA's failure to strictly comply. (2) See Texas Dep't of Pub. Safety v. Dear,
999 S.W.2d 148, 152 (Tex. App.--Austin 1999, no pet.) (noting that when statute is directory, if
"act is performed, but not in the time or in the precise mode indicated, it will be still be sufficient,
if that which is done accomplishes the substantial purpose of the statute"); cf. Reese v. Duncan,
80 S.W.3d 650, 658 (Tex. App.--Dallas 2002, pet. denied) (noting that when statute is mandatory
whether there was substantial compliance is not relevant). When, as in this case, a statute is silent
about the consequences of noncompliance, we look to the statute's purpose to determine the
proper consequences. Helena Chem. Co, 47 S.W.3d at 494; Hines v. Hash, 843 S.W.2d 464, 468
(Tex. 1992).

 A similar issue, regarding the proper consequences for noncompliance with a
statutory notice requirement, was recently addressed by the Texas Supreme Court in Roccaforte v.
Jefferson County, 341 S.W.3d at 926-27. In that case, the supreme court held that the plaintiff's
failure to deliver notice of suit to county officials by mail, an express statutory requirement, did not
require dismissal of the suit against the county. (3) Id. Instead, the court recognized that the purpose
of the notice provision was to ensure that "county officials are made aware of pending suits, allowing
the county to answer and defend the case," and that this purpose was served where the plaintiff gave
notice to county officials by hand delivery. Id.

 As previously discussed, the purpose of the statute in this case is to allow for the
review of Commission decisions, while the purpose of the service deadline set forth in subsection
361.321(c) is to ensure that the Commission receives prompt notice of the suit so that it may answer
and prepare a defense. The statute does not indicate that termination of the plaintiff's substantive
rights for late service is required or that the purpose of the service deadline is best served by such
termination. See State v. $435,000.00, 842 S.W.2d 642, 644 (Tex. 1992) ("If the Legislature had
intended dismissal to be the consequence of a failure to hear a forfeiture case within the prescribed
period, it could easily have said so . . . ."). Instead, like Roccaforte, the substantial purpose of the
statute may be accomplished without requiring automatic dismissal of the suit.

 It is undisputed that TJFA timely filed suit for judicial review and that notice of the
suit was e-mailed to the Commission the same day. Thus, the Commission had actual notice of
TJFA's suit, enabling it to answer and prepare a defense. Further, while service was formally
effected eleven days after the deadline, TJFA presented evidence that its failure to effect service
sooner was due to a misunderstanding on the part of trial counsel and a possible error by the
district clerk. Specifically, TJFA presented evidence that counsel for TJFA incorrectly believed that
electronic filing would also accomplish service of the citation and that it did not "receive[] notice
of the Original Petition's readiness for service via First Class mail" until the statutory deadline
for service had already passed. (4) Upon learning that the Commission had not received service of
citation, TJFA immediately effected formal service.

 Under these circumstances, I would conclude that TJFA substantially complied with
the service deadline set forth in subsection 361.321(c), such that the substantial purpose of the
statutory deadline was met and the Commission was not prejudiced as a result of the delay. See
Roccaforte, 341 S.W.3d at 926. Accordingly, I would reverse the trial court's judgment granting the
Commission's motion to dismiss and remand this cause to the trial court for further proceedings
consistent with this opinion.


 __________________________________________

 Diane M. Henson, Justice

Before Chief Justice Jones, Justices Puryear, Pemberton, Henson, Rose and Goodwin

Filed: May 4, 2012
1. In contrast, filing deadlines, such as the deadline to file a petition set forth in subsection
361.321(c), seek to set a time limit on a party's ability to invoke the court's subject-matter
jurisdiction over the controversy. See Tex. Health & Safety Code Ann. § 361.321(c) (West 2010);
Hughes v. Atlantic Ref. Co., 424 S.W.2d 622, 625 (Tex. 1968).
2. Even assuming that subsection 361.321(c)'s service deadline is mandatory, I disagree that
the appropriate consequence for noncompliance is necessarily dismissal of the suit. While the failure
to comply with a nonjurisdictional requirement mandated by statute may result in the loss of a claim,
the Texas Supreme Court has recognized that noncompliance with a mandatory statutory requirement
does not necessarily require dismissal in all cases. See University of Tex. Sw. Med. Ctr. v. Loutzenhiser,
140 S.W.3d 351, 360 (Tex. 2003) ("The failure of a non-jurisdictional requirement mandated by
statute may result in the loss of a claim . . . ."); but see Albertson's, Inc. v. Sinclair, 984 S.W.2d 958,
961-62 (Tex. 1999) (noting that failure to comply with mandatory notice provision under worker's
compensation law did not require dismissal of action for judicial review); Hines v. Hash, 843 S.W.2d
464, 468-69 (Tex. 1992) (noting that purpose of mandatory, presuit notice requirement under
deceptive trade practices act does not require dismissal of plaintiff's action when notice is untimely);
State v. $435,000.00, 842 S.W.2d 642, 644 (Tex. 1992) (holding that failure to hold forfeiture case
hearing within statutorily required 30-day period did not require dismissal, explaining "[T]he issue
is not whether 'shall' is mandatory, but what consequences follow a failure to comply.").
3. The statutory provision at issue in Roccaforte v. Jefferson County, section 89.0041 of the
local government code, also provides that "[i]f a person does not give notice as required by this
section, the court in which the suit is pending shall dismiss the suit on a motion for dismissal made
by the county or the county official." 341 S.W.3d 919, 925 (Tex. 2011); see Tex. Loc. Gov't Code
Ann. § 89.0041(c) (West 2008).
4. In Police Civil Service Commission v. Gutierrez, this Court recognized that late service of
citation in a suit for judicial review of an administrative decision does not necessarily result in
dismissal of the suit. 182 S.W.3d 430, 432 (Tex. App.--Austin 2005, no pet.). Instead, we held that
the date of service of citation relates back to the date of plaintiff's filing suit for judicial review, and
thus is timely, when the plaintiff exercises due diligence in effecting service. Id.