

KEN PAXTON

ATTORNEY GENERAL OF TEXAS

February 5, 2026

The Honorable Lilli A. Hensley
Sterling County Attorney
Post Office Box 88
Sterling City, Texas 76951

**Opinion No. KP-0514**

Re: Performance and payment bond requirements under Government Code § 2253.021
(RQ-0588-KP)

Dear Ms. Hensley:

You ask whether a county must "require each contractor for a road and/or bridge project to carry a performance bond and/or payment bond."[1] To this end, you explain that Sterling County contracted with "a road construction company[] . . . to construct roads in phases" and required the company "to purchase performance and payment bonds in increments coinciding with the phases of the project[,] as specified by" subsection 2253.021(a) of the Texas Government Code. Request Letter at 1. But that company became "insolvent and . . . failed to complete the project," *id.*, prompting the County to find a different entity who will both "complete the bonded phase of the project" and "the remaining phase(s) . . . without requiring [another] performance or payment bond." *Id.* You thus seek guidance as to whether a county may waive the performance and payment bond requirements referenced in subsection 2253.021(a). *See id.* at 1–2.

**Chapter 2253 of the Government Code governs performance and payment bonds when a county contracts with a prime contractor for a road or bridge public work project that meets the requisite dollar amount.**

Chapter 2253 of the Government Code, "historically called the McGregor Act," governs performance and payment bonds for public work contracts. *Dealers Elec. Supply Co. v. Scroggins Constr. Co.*, 292 S.W.3d 650, 652 (Tex. 2009); *see generally* TEX. GOV'T CODE §§ 2253.001–.079. Relevant here, subsection 2253.021(a) provides that a governmental entity who enters into a public work contract exceeding $100,000 "shall require the [prime] contractor" to execute a performance bond before beginning work. TEX. GOV'T CODE § 2253.021(a)(1). And for a public

---

[1] Letter from Hon. Lilli A. Hensley, Sterling Cnty. Att'y, to Hon. Ken Paxton, Tex. Att'y Gen. at 1 (Mar. 17, 2025), https://www.texasattorneygeneral.gov/sites/default/files/request-files/request/2025/RQ0588KP.pdf ("Request Letter").

work contract exceeding $25,000,[2] the subsection provides that a governmental entity "shall require the [prime] contractor" to execute a payment bond before beginning work. *Id.* § 2253.021(a)(2)(A).

The Act defines several key terms used in subsection 2253.021(a): It defines "[g]overnmental entity" to include a county, *id.* § 2253.001(1)(A), and a "[p]ublic work contract" to "mean[] a contract for . . . carrying out or completing any public work," *id.* § 2253.001(4). Though the term "public work" is not defined, Texas courts have applied it to road and bridge projects.[3] *See, e.g.*, *Bond Restoration, Inc. v. Ready Cable, Inc.*, 462 S.W.3d 597, 599–600 (Tex. App.—Amarillo 2015, pet. denied) (applying the statute to a "street improvement project"); *Emps. Cas. Co. v. Stewart Abstract Co.*, 17 S.W.2d 781, 782 (Tex. Comm'n App. 1929) (construing the predecessor statute and observing that "construction of a county road is a public work"); *Trinity Portland Cement Co. v. Lion Bonding & Sur. Co.*, 229 S.W. 483, 484 (Tex. Comm'n App. 1921, judgm't adopted) (applying predecessor statute to contract to build bridges). Further, a "[p]rime contractor" is defined to "mean[] a person, firm, or corporation that makes a public work contract with a governmental entity." TEX. GOV'T CODE § 2253.001(3). Subsection 2253.021(a) therefore applies to a county contract with a prime contractor for a road or bridge public work project that meets the value-based threshold.

**Subsection 2253.021(a) imposes a mandatory duty or obligation on a governmental entity to require a prime contractor to execute a performance and payment bond.**

In relation to a public work contract, you ask whether subsection 2253.021(a) mandates that a county require the prime contractor "to purchase or carry a performance bond and/or payment bond," or whether a county may waive those requirements. Request Letter at 2. "The 'fundamental rule' for determining whether a statutory provision is mandatory or directory 'is to ascertain and give effect to the legislative intent.'" *AC Ints., L.P. v. Tex. Comm'n on Env't Quality*, 543 S.W.3d 703, 708 (Tex. 2018) (quoting *Chisholm v. Bewley Mills*, 287 S.W.2d 943, 945 (Tex. 1956)). Factors courts consider in determining that intent include "the plain meaning of the words used, as well as the entire act, its nature and object, and the consequences that would follow from each construction." *Tex. Windstorm Ins. Ass'n v. Kelly*, 680 S.W.3d 632, 639 (Tex. App.—Beaumont 2023, pet. denied) (quoting *Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 494 (Tex. 2001)). Whether the term "shall" is mandatory often turns on whether "consequences follow a failure to comply." *AC Ints.*, 543 S.W.3d at 709 (quoting *State v. $435,000.00*, 842 S.W.2d 642, 644 (Tex. 1992) (per curiam)). "When the statute is silent about consequences of noncompliance," courts "look to the statute's purpose in determining the proper consequence of noncompliance." *Albertson's, Inc. v. Sinclair*, 984 S.W.2d 958, 961 (Tex. 1999) (per curiam). "Generally, courts construe a statutory provision as mandatory when the power or duty to which it relates is for the public good." *Id.* (citing *State v. City of Greenville*, 726 S.W.2d 162, 169 (Tex. App.—Dallas 1986, writ ref'd n.r.e.)).

Beginning with the text, subsection 2253.021(a) provides that a governmental entity "shall require" a prime contractor to execute a performance and payment bond. TEX. GOV'T CODE § 2253.021(a). The Legislature's use of "shall" generally indicates the intent that the directive be

---

[2] The dollar amount is increased to $50,000 if the governmental entity is a municipality or joint airport board. *See* TEX. GOV'T CODE § 2253.021(a)(2)(B).

[3] You do not ask, and we do not address, whether any particular "road and/or bridge project" constitutes a public work under Chapter 2253. Request Letter at 1.

mandatory, creating a duty or obligation. *Tex. Windstorm Ins. Ass'n*, 680 S.W.3d at 639; *see also* TEX. GOV'T CODE § 311.016(2) (providing that unless the context or statute provides otherwise, "'[s]hall' imposes a duty").

This construction finds support in the nature and object of each bond. A performance bond is "for the protection of the . . . governmental entity awarding the public work contract," TEX. GOV'T CODE § 2253.021(b)(1)—as the County's recent experience contracting with an insolvent company should make obvious—and guarantees completion of the contract, *id.* § 2253.021(b)(3). *See also, e.g., City of Wolfe City v. Am. Safety Cas. Ins. Co.*, 557 S.W.3d 699, 705 (Tex. App.—Texarkana 2018, pet. denied) ("Under a performance bond, a 'surety is liable for a default in the performance by the principal of its contract obligations.'" (quoting *Beard Fam. P'ship v. Com. Indem. Ins. Co.*, 116 S.W.3d 839, 845 (Tex. App.—Austin 2003, no pet.))). And while the Act imposes no statutory consequence for noncompliance, the fact that the performance bond requirement relates to the public good by protecting a governmental entity in the implementation of a public work contract indicates it is mandatory. *See, e.g., City of Greenville*, 726 S.W.2d at 169 ("A statutory provision is generally regarded as mandatory where the power or duty to which it relates is for the *public benefit, good, interest or protection*, for the security of public rights, or for the advancement of public justice." (emphasis added)). Indeed, courts have described the performance bond requirement as mandatory in nature. *See, e.g., Hartford Fire Ins. Co. v. City of Mont Belvieu*, 611 F.3d 289, 294 (5th Cir. 2010) (stating "Texas law mandates that a 'governmental entity that makes a [qualifying] public work contract with a prime contractor shall require the contractor, before beginning the work, to execute to the governmental entity[] . . . a performance bond" (quoting TEX. GOV'T CODE § 2253.021(a))).

A payment bond "'is solely for the protection and use of payment bond beneficiaries,' such as subcontractors, laborers, and materialmen." *Dealers Elec. Supply Co.*, 292 S.W.3d at 653 (quoting TEX. GOV'T CODE § 2253.021(c)); *see also* TEX. GOV'T CODE § 2253.001(9) (defining "subcontractor"). It helps ensure these individuals are paid for their labor and materials because they generally do not enjoy the same lien rights on projects with governmental entities as they do on private projects. *See Dealers Elec. Supply Co.*, 292 S.W.3d at 653. When "a governmental entity fails to obtain from a prime contractor a payment bond as required by" subsection 2253.021(a), it "is subject to the same liability that a surety would have if the surety had issued a payment bond and if the entity had obtained the bond." TEX. GOV'T CODE § 2253.027(a); *see also id.* § 2253.022(f). This consequence for noncompliance shows the payment bond requirement is indeed mandatory. *See AC Ints.*, 543 S.W.3d at 709.

Finally, construing either bond requirement as directory—rather than mandatory—would thwart the stated purpose of these requirements and leave governmental entities as well as subcontractors without the protections intended by the Legislature. *See* TEX. GOV'T CODE § 2253.021(b)(1), (c)(1). Given these considerations, which are only magnified by the County's recent experience, subsection 2253.021(a)'s statement that a governmental entity "shall require" a performance and payment bond imposes a mandatory duty or obligation on the governmental entity. *Cf. Heldenfels Bros. v. City of Corpus Christi*, 832 S.W.2d 39, 42 (Tex. 1992) (construing the predecessor statute to impose "a statutory duty upon a" governmental entity).

To be sure, a prior opinion of this office observed that some courts had not given subsection 2253.021(a)'s predecessor statute, article 5160, "mandatory effect where counties ha[d] chosen to

waive the [bond] requirement."[4] Tex. Att'y Gen. Op. No. JM-0505 (1986) at 7 (citing, among other cases, *Prairie Valley Indep. Sch. Dist. v. Sawyer*, 665 S.W.2d 606 (Tex. App.—Fort Worth 1984, writ ref'd n.r.e.)). Article 5160 at that time provided "prime contractors on public works contracts for more than $25,000 with the state, county, or another political unit 'shall be required before commencing such work to execute . . . statutory [performance and payment] bonds.'" *Id.* at 1 (alteration in original) (quoting Tex. Rev. Civ. Stat. art. 5160). Soon after the opinion was issued, a court construed the words "'shall be required' to mean that the contracting governmental authority bears a responsibility or duty to ensure that the prime contractor posts a sufficient payment bond before commencing work under the contract." *City of Corpus Christi v. Acme Mech. Contractors, Inc.*, 736 S.W.2d 894, 905 (Tex. App.—Corpus Christi 1987, writ denied). The Texas Supreme Court similarly concluded that "article 5160 imposed a statutory duty upon a" governmental entity. *Heldenfels Bros.*, 832 S.W.2d at 42. As a result, the cases discussed in Opinion JM-0505 do not reflect how article 5160 was ultimately construed.[5] We therefore interpret the similar language here in a manner consistent with the Court's construction of article 5160.

"[W]hether . . . categorized as . . . mandatory[] or merely directory," the Texas Supreme Court recently made clear, legal "commands are law." *Morath v. Lampasas Indep. Sch. Dist.*, 686 S.W.3d 725, 744 (Tex. 2024). Accordingly, the County is not free to disregard the statutory command of subsection 2253.021(a).

---

[4] The Legislature repealed article 5160 effective September 1, 1993, and adopted titles 5, 6, and 10 of the Texas Government Code. *See* Act of May 22, 1993, 73d Leg., R.S., ch. 268, §§ 1, 46(1), 1993 Tex. Gen. Laws 583, 583–954, 986. The statutory provisions governing public work performance and payment bonds at issue here were recodified in title 10 of the Texas Government Code. *See* Tex. Gov't Code §§ 2253.001–.079.

[5] Like Opinion JM-0505, you cite *Prairie Valley Independent School District v. Sawyer*, for the proposition that "a governmental entity can waive the" bond requirements. Request Letter at 1; Tex. Att'y Gen. Op. No. JM-0505 (1986) at 7. But the Texas Supreme Court's interpretation controls, and *Prairie Valley* does not govern the construction of article 5160. *See also* Tex. Att'y Gen. LO-95-006 (1995) at 3 (concluding "a public school district must obtain a payment bond on a public work contract"). We therefore overrule JM-0505 to the extent it is inconsistent with this Opinion.

## **S U M M A R Y**

Subsection 2253.021(a) of the Government Code obligates a county to require a prime contractor to execute a performance and payment bond.

Very truly yours,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

LESLEY FRENCH
Chief of Staff

D. FORREST BRUMBAUGH
Deputy Attorney General for Legal Counsel

JOSHUA C. FIVESON
Chair, Opinion Committee

CHRISTY DRAKE-ADAMS
Assistant Attorney General, Opinion Committee